[No. 34887. Department One. July 9, 1959.]

ADRIAN HODGES et al., Appellants, v. JOHN GRONVOLD et al., Respondents.[1]

[1]Reported in 341 P. (2d) 857.

*P. R. McIntosh* and *Wm. S. Lewis,* for appellants.

*Jonson & Jonson,* for respondents.

DONWORTH, J.—This is an appeal from a judgment of dismissal entered after the trial court granted defendants' motion for a nonsuit at the close of plaintiffs' case. The case was tried to the court sitting without a jury.

The facts may be briefly summarized as follows:

Defendants contracted to sell to the plaintiffs certain real estate and to construct thereon a duplex dwelling. The contract specified, among other things, that the duplex was to be *"sound proof between apartments."*

In their amended complaint, plaintiffs alleged:

"IV. That defendants have failed and refused to fully

perform the terms and obligations of the said agreement in that they did not sound proof between apartments.

"V. That by reason of the said breach of agreement by the defendants, ordinary noises from either apartment enter into the other apartment and greatly lessen the quiet and enjoyment of the occupants of the respective apartments.

"VI. That the reasonable market value of the said premises as constructed by the defendants is the sum of Twenty Thousand Dollars ($20,000.00), and if the defendants had fully performed the said contract the reasonable market value thereof would be the sum of Twenty Four Thousand Dollars ($24,000.00).

"WHEREFORE, Plaintiffs pray judgment against the defendants and each of them in the sum of Four Thousand Dollars ($4,000.00), and for their costs and disbursements incurred herein."

By answer, defendants admitted the contract but denied its breach and any damages by reason thereof.

At the close of plaintiffs' case, the trial court sustained defendants' challenge to the sufficiency of the evidence, made findings of fact and conclusions of law, entered a judgment of nonsuit, and denied plaintiffs' motion for a new trial.

Plaintiffs (herein the appellants) assign error to (1) the trial court's finding of fact No. 2 that:

". . . the Plaintiffs failed to introduce evidence to support their allegation that the market value of the premises as constructed by the defendants is the sum of $20,000.00 and if the defendants had fully performed the contract, the reasonable market value would be the sum of $24,000.00, or evidence to sustain the plaintiffs' claim that they have suffered damages in any amount."

(2) the trial court's granting of defendants' motion for nonsuit, and the dismissing of the action by the judgment of nonsuit, and (3) the trial court's denial of plaintiffs' motion for a new trial.

Since a showing of damages was necessary to sustain appellants' cause of action, the trial court, having concluded that no proof of damages had been made by appellants, did not pass upon the question of whether or not

respondents had breached the contract. Thus, the only question presented by all three assignments of error is whether appellants produced sufficient evidence of damages to establish a *prima facie* case.

To establish their claim of damages, appellants relied upon the testimony of Mr. Dunmore, a real-estate broker, and that of appellant Adrian Hodges.

Appellants point to the testimony of Mr. Dunmore that, in his opinion, the value of the premises was $3,000 or $4,000 less than it would have been if the problem of sound transmission between the apartments was not present and, also, to the testimony of appellant husband (owner) that the problem of sound transmission decreased the market value of the premises by $4,000 or $5,000.

Appellants' position is that the testimony of these two witnesses constitutes a *prima facie* showing of damages sufficient to permit reasonable inferences to be drawn therefrom as to the extent of damage. *Gaasland Co. v. Hyak Lbr. & Millwork*, 42 Wn. (2d) 705, 257 P. (2d) 784 (1953) (a case tried to a jury), is cited in support of this contention.

The rule applied in the cited case is not necessarily applicable to the instant case, which was tried to the court. In a jury case, the test is always whether there is any evidence or reasonable inference from evidence which will sustain plaintiff's case. But, in a case tried to the court, that test may or may not apply. *Richards v. Kuppinger*, 46 Wn. (2d) 62, 278 P. (2d) 395 (1955).

In a nonjury case, the trial court has the right to *weigh* plaintiff's evidence on a motion for a nonsuit (but not in a jury case). This has been the rule in this state since *Lambuth v. Stetson & Post Mill Co.*, 14 Wash. 187, 44 Pac. 148 (1896). What we said in *Richards v. Kuppinger, supra*, is directly applicable here:

" . . . if we determine from the oral or memorandum opinion (or from the findings of fact if there is no opinion) that the trial court *has weighed* the evidence and has found either (1) that the evidence in support of plaintiff's *prima*

*facie* case is not *credible,* or (2) that plaintiff's *credible* evidence establishes facts which prevent him from recovering, we know that the trial court has decided *as a matter of fact* that plaintiff has not established a *prima facie* case, and findings of fact are necessary to apprise this court as to what facts the trial court found. *Rohda v. Boen,* 45 Wn. (2d) 553, 276 P. (2d) 586; *Lambuth v. Stetson & Post Mill Co., supra.* When the trial court has weighed the evidence and has apprised this court by findings of fact what evidence it found credible or what facts it found which would prevent plaintiff from recovering, this court will accept the findings as the facts in the case unless we determine that the evidence preponderates against the findings. *Rohda v. Boen, supra; O'Brien v. Schultz, supra* [45 Wn. (2d) 769, 278 P. (2d) 322 (1954)]."

Turning to the case at bar, the following excerpt from the trial court's oral opinion, in passing on the motion for a nonsuit, clearly shows that the trial court weighed the evidence and found that there was no credible evidence to support appellants' *prima facie* case:

" . . . I feel that the motion must be granted for one reason, and that is because of the inadequacy of the proof of damages.

"Mr. Dunmore's testimony on that point, I thought, was quite worthless, really. He did say that if there was no sound transmission through the walls the value would be worth three or four thousand more, but then he went on to say that he predicated his figures mainly on income and he disclosed that he did not even know what rental Mr. Hodges was obtaining for the units. I thought he showed such a complete lack of information about the property and its rental value that his testimony would not be of any help to the Court in determining the question of damages assuming that the plaintiff was entitled to recover on the merits.

"Of course, the only other witness on the matter of value was Mr. Hodges and he quite frankly admitted that he did not have any very good idea about the present value of the place. He said at one time, 'I wouldn't know the present value of the property.' He did say that if the place were soundproof he would ask for some four to five thousand dollars more for it if he was going to sell it."

In finding of fact No. 2, the trial court found that appellants had failed to introduce evidence to support their claim that they had suffered damage in any amount. We must accept this finding as true unless the evidence preponderates against it. It is apparent from our review of the testimony of appellant husband and the realtor who was called as an expert that it clearly does not so preponderate.

In our opinion, the lack of evidence in this case is not merely to the *amount* or the *extent* of damages, but to the very *fact* of damages. The trial court, having heard the evidence and observed the witnesses, weighed the evidence and rightly granted the judgment of nonsuit.

The judgment is affirmed.

WEAVER, C. J., MALLERY, OTT, and HUNTER, JJ., concur.

[1] Reported in 341 P. (2d) 874.