[No. 39446.    Department Two.    August 7, 1969.]

ENTERPRISE TIMBER, INC., *Appellant,* v. WASHINGTON TITLE INSURANCE COMPANY, *Respondent.*\*

\*Reported in 457 P.2d 600.

*R. Graham Cross* and *McLean, Klingberg & Houston,* for appellant.

*Skeel, McKelvy, Henke, Evenson & Uhlman, William E. Evenson,* and *Joseph T. Henke,* for respondent.

NEILL, J.—This is an action to recover on a policy of title insurance issued by defendant, and for attorney's fees. The $30,000 title policy insured a timber mortgage held by plaintiff against all loss caused by defects in the mortgagor's title, except for defects arising from "rights or claims based upon instruments or upon facts not disclosed by the public records but of which rights, claims, instruments or facts the insured has knowledge."

Plaintiff is one of a group of Washington corporations owned and controlled by Stanley B. Rose. A group of Oregon corporations are owned and controlled by Anthony Fernandez. A series of loans were made from the Washington corporations to various of the Oregon corporations at the behest of Mr. Fernandez, the last of which was a $6,000 loan by plaintiff to one of the Oregon corporations, American Wood Products, Inc. To secure such loan and other prior advances, American Wood Products, Inc., allegedly executed a note for $30,000, secured by a mortgage covering timber which was to be acquired with the $6,000 loan. Plaintiff's counsel required a title insurance policy covering this mortgage; so an order for title insurance was transmitted to defendant. April 18, 1963, defendant issued the policy covering the mortgage.

In June, 1963, a suit was filed by Antone Rose (no relation to Stanley Rose) against the plaintiff herein and other defendants alleging a fraudulent conspiracy and asking that his (Antone Rose) deed to American Wood Products, Inc., and the mortgage from American Wood Products, Inc., to plaintiff herein be reformed or declared void. Plaintiff here—a defendant in that fraud action—tendered defense of the action to the title company. The title company re-

jected the tendered defense of that action, basing its disclaimer on the exception in the title policy quoted above. After trial, a decree was entered in the fraud action setting aside the deed from Antone Rose to American Wood Products,· Inc., and declaring the mortgage from American Wood Products, Inc., to Enterprise Timber, Inc., to be void. The judgment in the fraud case vitiating the mortgage was based on findings that Enterprise Timber, Inc., was not a bona fide mortgagee for value, but rather that it took the mortgage with knowledge of facts and circumstances which placed it on notice of the fraudulent conveyance from Antone Rose to the mortgagor, American Wood Products, Inc.

Following final judgment in the fraud case, Enterprise Timber, Inc., brought this action to recover the face amount of the mortgage insurance and attorney's fees in its defense of the fraud action.

Upon conclusion of plaintiff's evidence in a trial before the court, the action was dismissed on defendant's challenge to the sufficiency of the evidence. Plaintiff appeals.

Plaintiff assigns error to: (1) the trial court's ruling sustaining defendant's motion challenging the sufficiency of the evidence; (2) the trial court's finding of fact to the effect that plaintiff had notice of facts sufficient to put it on inquiry and that, as a result of its failure to investigate, plaintiff was chargeable with constructive knowledge of the fraud perpetrated by Mr. Fernandez; (3) the trial court's finding of fact that plaintiff did not want to know the particulars of Mr. Fernandez's deal, but was willing to risk an additional $6,000 in hope of recouping larger prior advances; and (4) the trial court's finding that no note for $30,000 evidencing the debt secured by the mortgage was known to exist.

In granting a motion challenging the sufficiency of the evidence in a nonjury trial, the trial court has a choice of approaches. First, the court may accept plaintiff's evidence as true, granting him every reasonable inference therefrom, and rule as a matter of law that plaintiff has failed to establish a prima facie case. Alternatively, the court

may weigh the evidence and enter findings of fact and conclusions of law. *See N. Fiorito Co. v. State,* 69 Wn.2d 616, 419 P.2d 586 (1966); *O'Brien v. Schultz,* 45 Wn.2d 769, 278 P.2d 322 (1954).

It is apparent that here the court followed the latter course. In such case, our review is limited to ascertaining whether the findings of fact are supported by substantial evidence, and, if so, whether the findings support the conclusions of law and judgment. *N. Fiorito Co. v. State, supra.*

The trial court's finding of fact No. 10, assigned as error by plaintiff, contains the most crucial factual determination:

> 10. Stanley B. Rose and his . . . corporations knew or had ample reason to know and could readily have determined exactly what Anthony Fernandez was doing and they were negligent and so reckless and so heedless of the consequences that they cannot be considered as acting in good faith, and although not actually a party to the fraud, they had so much knowledge of the perpetrator of the fraud, and so much notice and so much in the way of facts to put them on notice, that they should have taken some action which they studiously avoided doing.

Our review of the record reveals evidence of the following: Stanley Rose and his attorney, who was also secretary and director of the various corporations controlled by Mr. Rose and who participated in this transaction, both had many years' experience in timber transactions. Both knew Mr. Fernandez and knew of his generally bad reputation in the community. Both knew that Mr. Fernandez had previously been convicted in federal court in a case involving fraud in a timber transaction. Both also knew that Mr. Fernandez was involved as a defendant in several civil lawsuits arising from timber transactions and that there were quite a number of unsatisfied personal judgments outstanding against him. In fact, Stanley Rose's attorney participated in one of these suits. Prior to this transaction, Mr. Fernandez had given Stanley Rose two checks drawn on fictitious accounts and a third check which was returned stamped "N.S.F." Both Mr. Rose and his attorney were

aware that Mr. Fernandez was in financial trouble, and the attorney had bid at an execution sale on Mr. Fernandez's property just before the transaction here in question. All of Stanley Rose's previous advances to Mr. Fernandez had been on unsecured oral agreements, but in this transaction Mr. Rose took the unusual step of requiring (according to his testimony) a note secured by a mortgage protected by title insurance.

■ One who has notice of facts sufficient to prompt a person of average prudence to inquire is deemed to have notice of all facts which reasonable inquiry would disclose. *Diimmel v. Morse*, 36 Wn.2d 344, 218 P.2d 334 (1950); *Glaser v. Holdorf*, 56 Wn. 2d 204, 352 P.2d 212 (1960). Here plaintiff was aware that the person with whom he was dealing had recently been involved in a series of improprieties in transactions involving timber lands, and was apparently financially unable to continue buying property. This knowledge apparently prompted plaintiff to take unusual precautions to protect itself, and should have prompted a reasonable investigation of Mr. Fernandez's purchase of the property. A simple inquiry of Antone Rose would have revealed the fraud in procuring the conveyance. The record amply supports the court's finding that plaintiff unreasonably failed to make this investigation and was thus charged with constructive notice of the fraud perpetrated by Mr. Fernandez. Therefore, plaintiff was not a bona fide encumbrancer with respect to the claim presented by the vendor, Mr. Antone Rose.

The title insurance contract provides that defendant does not insure against "rights or claims based upon instruments or upon facts not disclosed by the public records but of which rights, claims, instruments or facts the insured has knowledge." Plaintiff argues that it had no actual knowledge of any fraud and that the contract contains no exception relating to constructive knowledge. However, Mr. Antone Rose's right against plaintiff is not based upon plaintiff's knowledge of the fraud perpetrated by Mr. Fernandez, but upon knowledge of facts which should have put plain-

tiff on inquiry. Therefore, Antone Rose's right was based upon facts not in the public record but of which plaintiff had knowledge, and we hold that the policy exception is applicable.

■ Since the claim against plaintiff's mortgage fell within one of the exceptions to the contract of title insurance, defendant was under no obligation to accept plaintiff's tendered defense of that claim. *See Lesamiz v. Lawyers Title Ins. Corp.*, 51 Wn.2d 835, 322 P.2d 351 (1958).

We do not find it necessary to consider plaintiff's final two assignments of error concerning the trial court's finding with regard to plaintiff's motives for failing to investigate, and the court's finding that no note for $30,000 was known to exist. Without considering these factors there is still substantial evidence that plaintiff unreasonably failed to make further inquiry; therefore, any error in reaching these findings is harmless.

The judgment is affirmed.

HUNTER, C. J., HILL, ROSELLINI, and HALE, JJ., concur.