[No. 275-3. Division Three. June 7, 1971.]

AUGUST B. SCHMIDT *et al., Respondents,* v. LLOYD R. HANSON, *Appellant.*

AUGUST B. SCHMIDT *et al., Respondents,* v. PATRICK PHALON *et al., Appellants.*

*Harvey Erickson,* for appellants.

*Richard J. Schroeder* (of *Dellwo, Rudolf & Grant*), for respondents.

MUNSON, C.J.—Plaintiffs brought a consolidated action to quiet title to certain parcels of land owned by defendants. The trial court found the elements of adverse possession present, quieted title in plaintiffs and defendants appeal. We affirm.

The main thrust of defendants' appeal challenges the findings of fact entered by the trial court regarding the actual and uninterrupted, open and notorious, hostile and exclusive, good-faith claim of ownership by plaintiffs. Our review of the record discloses: Plaintiffs fenced the land in question in 1946; continually and exclusively used same for pasturage until 1968; cleared it of brush on occasion; and in good faith claimed it as their own. Defendants, relying on *Murray v. Bousquet*, 154 Wash. 42, 280 P. 935 (1929), claim the fencing of wild land for pasturage for 10 years is insufficient to constitute adverse possession. This is undoubtedly the law absent the remaining elements of adverse possession; however, such is not the case here. There is ample evidence to support the trial court's finding as to each element.

With regard to defendants' contention concerning an alleged contravention of the deadman's statute, RCW 5.60.030,[1] said evidence is not necessary to sustain the trial court's decision. The requisite elements of adverse possession are established by sufficient evidence apart from the allegedly erroneous portion and if the admission of such evidence is error, it is harmless.

Judgment affirmed.

GREEN and EVANS, JJ., concur.

---

[1]August Schmidt testified that the common grantor to the present litigants drove stakes to mark plaintiffs' boundary line.