[No. 1716–3.   Division Three.   April 1, 1977.]

SEATTLE–FIRST NATIONAL BANK, *Appellant,* v. B. C. HAWK, *Respondent.*

252

*Thomas C. Warren, J. Kirk Bromiley,* and *Whitmore & Warren,* for appellant.

*Robert J. Allerdice, Albert Levinski,* and *Piehler, Allerdice & Boyack,* for respondent.

GREEN, J.—Defendant, B. C. Hawk, signed a contract to guarantee loans made by the plaintiff bank to "Leon H. Herkenrath, DBA Country Ford, Inc." Plaintiff thereafter made loans to both Leon Herkenrath, Jr., individually, and to Country Ford, Inc. When Country Ford, Inc., defaulted on its loans, plaintiff brought this action against defendant[1] to recover on the contract of guaranty. At the

---

[1]While Leon H. and Mary Jo Herkenrath were named as defendants in this action based upon their personal guaranty, they are not involved as parties to this appeal. Consequently, the use of the word defendant refers only to B. C. Hawk.

close of plaintiff's case, the court granted a motion to dismiss the action as to defendant, entering findings of fact, conclusions of law, and judgment of dismissal. Plaintiff appeals.

Error is assigned to the following:

### FINDING OF FACT
#### III.

That said guarantee, plaintiff's Exhibit 1, signed by defendant B. C. Hawk is a guarantee of loans made by plaintiff Seattle–First National Bank to Leon Herkenrath individually; that the words d/b/a Country Ford, Inc. are descriptive only.

### CONCLUSIONS OF LAW
#### I.

That the guarantee, plaintiff's Exhibit 1, signed by defendant B. C. Hawk is to be strictly construed, and that any ambiguity is to be construed against the maker, Seattle–First National Bank.

#### II.

That the guarantee signed by defendant B. C. Hawk guarantees loans to Leon Herkenrath only and not loans made by plaintiff, Seattle–First National Bank and Country Ford, Inc.

#### III.

That defendant, B. C. Hawk is entitled to a judgment of dismissal with prejudice as to plaintiff Seattle–First National Bank's Complaint herein.

#### IV.

That the defendant B. C. Hawk is entitled to his costs and disbursements expended herein.

■ In granting a motion challenging the sufficiency of the evidence in a nonjury trial, the trial court may (1) accept plaintiff's evidence and every reasonable inference therefrom as true and rule as a matter of law that plaintiff has failed to establish a prima facie case; or (2) weigh the evidence and enter findings of fact, conclusions of law and judgment of dismissal. CR 41(b)(3). In the latter case, the scope of review on appeal is limited to ascertaining whether the findings of fact are supported by

substantial evidence and, if so, whether the findings support the conclusions of law and judgment. *Enterprise Timber, Inc. v. Washington Title Ins. Co.,* 76 Wn.2d 479, 457 P.2d 600 (1969). In order to overturn the trial court's findings, the reviewing court must determine that the evidence preponderates against the findings. *Hodges v. Gronvold,* 54 Wn.2d 478, 483, 341 P.2d 857 (1959). Where the court enters findings of fact and conclusions of law, it is generally regarded as a strong indication that the court did weigh the evidence. *Brow v. Mutual of Omaha Ins. Co.,* 80 Wn.2d 701, 703, 497 P.2d 933 (1972). We consider plaintiff's assignments of error in light of these rules.

The record shows that plaintiff presented only one witness, Mr. Al Helm, assistant manager of its Wenatchee branch. He testified, in substance, that in March 1973, he was contacted by Leon Herkenrath, Jr., who was seeking a Small Business Administration loan and flooring line financing for Country Ford, Inc. He was given some application forms which were returned on March 28, 1973, with financial statements of Country Ford, Inc., and Leon H. Herkenrath, Jr. After reviewing these statements, Mr. Helm informed Mr. Herkenrath that because they did not reflect adequate assets, the application could not be approved without a third–party guarantor who had an adequate financial statement. Subsequently, Mr. Herkenrath informed Mr. Helm that he had found a third–party guarantor, defendant Hawk. Upon receipt of defendant's financial statement, the bank determined that his guaranty would be acceptable. Thereafter, a printed standard "General Guaranty" form was filled in by the bank for Mr. Hawk's signature. The blank in the form providing for the name of the primary obligor, italicized below, was filled in at Mr. Helm's direction by his chief clerk:

> In consideration of financial accommodations given or to be given *Leon Herkenrath, DBA Country Ford, Inc.* (herein called the customer) by Seattle–First National Bank (herein called the Bank), . . . the undersigned . . .

hereby . . . guarantee payment to the bank of all liabilities and indebtedness which the customer has incurred or is under or may incur or be under to the bank, . . .

First, plaintiff contends the trial court erred in determining that the guaranty signed by the defendant applied only to loans made to Leon Herkenrath, Jr., as an individual, and not to loans made to Country Ford, Inc. In substance, plaintiff argues that since the language used is ambiguous, parol evidence may be considered to ascertain the true intent of the contracting parties; and that the evidence presented leaves little doubt that at the time the agreement was executed the intent of the parties was to guarantee the flooring line of financing to Country Ford, Inc. Plaintiff concludes that in view of the evidence presented, the court erroneously applied rules of contract construction, *i.e.*, that ambiguities are to be construed against the maker and guaranty contracts should be strictly construed. Consequently, it is urged that the finding of fact entered by the court is not supported by substantial evidence, and the court misapplied the rules of contract construction. We disagree.

The weakness of plaintiff's position is found in the evidence presented. True, the record shows that it was plaintiff's intent for defendant to guarantee loans made to Country Ford, Inc. However, there is *no* evidence that this intent was ever communicated by Mr. Helm to the defendant. It is even uncertain whether plaintiff mailed the guaranty form, which it now characterizes as ambiguous, to the defendant or gave it to Mr. Herkenrath to obtain defendant's signature. Consequently, plaintiff has presented no evidence of defendant's intent or understanding of what loans were covered by the guaranty. In fact, Mr. Helm testified that while the language was clear to him that it covered loans made to Country Ford, Inc., he admitted that "to someone else it would not be, because of the way it is typed."

The role of the court is to ascertain the mutual intention of the contracting parties, and the burden of

proving such mutual intention rests upon the plaintiff. *Johnson v. Nasi*, 50 Wn.2d 87, 309 P.2d 380 (1957); *Dwelley v. Chesterfield*, 88 Wn.2d 331, 560 P.2d 353 (1977). *See Grant County Constructors v. E.V. Lane Corp.*, 77 Wn.2d 110, 459 P.2d 947 (1969). Here, plaintiff is urging that we infer defendant's intent and thus, the mutual intent of both parties, from evidence that only establishes plaintiff's intent—an intent that was never communicated to defendant. This we cannot do. The unexpressed understanding of one of the contracting parties as to the meaning of language is generally of no legal significance. *Wesco Realty Co. v. Drewry*, 9 Wn. App. 734, 515 P.2d 513 (1973); *Barclay v. Spokane*, 83 Wn.2d 698, 521 P.2d 937 (1974). Therefore, the subjective intent of Mr. Helm as to the scope of the guaranty, unexpressed and uncommunicated to defendant, does not sustain plaintiff's burden of proof of the parties' mutual intent.

Therefore, the court properly looked to contract law in reaching its final determination. It is a fundamental rule that guarantors can be held only upon the strict terms of their contract, as a contract to answer for the debt of another must be explicit and is strictly construed. *Simpson Logging Co. v. Northwest Bridge Co.*, 76 Wash. 533, 137 P. 127 (1913); *W.T. Rawleigh Co. v. Langeland*, 145 Wash. 525, 261 P. 93 (1927). If a contract is equally susceptible of two or more constructions, it should be construed against the party using the language. *Jacoby v. Grays Harbor Chair & Mfg. Co.*, 77 Wn.2d 911, 468 P.2d 666 (1970); *Wilkins v. Grays Harbor Community Hosp.*, 71 Wn.2d 178, 427 P.2d 716 (1967); *Guy Stickney, Inc. v. Underwood*, 67 Wn.2d 824, 410 P.2d 7 (1966). In other words, where language is ambiguous, the party selecting, drafting, and presenting the contract of guaranty containing such misleading language should suffer any consequences. *National Bank v. Equity Investors*, 86 Wn.2d 545, 555, 546 P.2d 440 (1976). Thus, we find no errors in the court's finding of fact and conclusions of law in light of the evidence presented.

Second, plaintiff argues that the trial court erred in sustaining an objection to the following question posed to Mr. Helm on redirect examination:

At any time during the discussions with Mr. Herkenrath for flooring of the cars, was there ever any intention of any of the parties that there would be direct loans to Mr. Herkenrath?

Plaintiff argues that the trial court should have allowed parol evidence to demonstrate the intent of the defendant. While we agree with the legal principle represented by the argument, it is not applicable here. Mr. Helm admitted no previous contact with defendant and, therefore, he had no personal knowledge of the defendant's intent. Hence, the testimony desired from Mr. Helm in response to the question cannot be probative of defendant's intent. It follows that an answer to this question would reveal only the intent of Mr. Helm or Mr. Herkenrath, not the defendant.

In summary, apropos to our affirmance of the trial court is the language contained in *J.P. Duffy Co. v. Todebush,* 157 App. Div. 688, 142 N.Y.S. 790 (1913), *aff'd,* 216 N.Y. 297, 299, 110 N.E. 625 (1915):

*The weakness of the plaintiff's case as here presented depends primarily,* not upon the proper application of the rule against changing the plain terms of written guaranties by extrinsic evidence of intention or surrounding circumstances, but *upon a total failure of proof, competent or incompetent, from which it could be inferred that defendant knew . . . or that he intended to guarantee a debt of the corporation and not of the* [individual].

(Italics ours.)

258

Affirmed.

MUNSON, C.J., and McINTURFF, J., concur.