[No. 3262–1–III.   Division Three.   July 17, 1980.]

LESTER W. ROY, ET AL, *Appellants,* v. JAMES
W. GOERZ, ET AL, *Respondents.*

*Ted Roy* and *Hovis, Cockrill & Roy,* for appellants.

*Charles C. Flower, Patrick Andreotti,* and *Flower & Andreotti,* for respondents.

MUNSON, J.—Lester W. Roy[1] appeals a dismissal of his action against James W. Goerz; Roy claimed title by adverse possession to a strip of land between his and Goerz's property. The trial court, in a nonjury trial, granted Goerz's motion to dismiss at the close of plaintiff's case and thereafter entered findings of fact and conclusions of law. The sole issue on appeal is whether the trial judge ruled as a matter of fact or law.

The following facts were established at trial. In 1957, Willis Mondor bought the property now being purchased by Roy. At the time Mondor bought the land, a fence existed which was 20 feet south of the true boundary line, thereby encroaching on the property now owned by Goerz. This fact was not discovered until the land was surveyed in 1974. In the intervening years, Mondor had used the 20- by 617-foot strip for raising hay and grazing cattle, making occasional repairs to the fence to keep his cattle in and his neighbor's out.

At trial, Mondor repeatedly asserted that he had known the fence was not on the true boundary and he had no

---

[1]Although this action involves the marital communities of the respective parties, for convenience we refer only to Lester Roy and James Goerz.

intention of claiming land not legally his. There was no evidence as to who had built the fence, but it had been there for as long as Mondor could remember. He testified that he discussed the fence with Goerz's predecessor in interest, Froehlich, and he acknowledged to Froehlich that the fence was on Froehlich's land. Mondor repeated several times that the purpose of the fence was to keep his neighbor's cattle off his property and he did not treat the fence as the true boundary line.

Roy challenges the following findings of fact:

### III.

The true boundary . . . was determined by a 1974 survey. There existed for more than thirty (30) years before 1974 a cattle fence located approximately twenty (20) feet south of the true boundary.

. . .

### V.

Mondors at no time claimed, or intended to claim, ownership of any real estate not within the legal description of their land . . . Mondors and Defendants' predecessors Froehlich knew the cattle fence was not on the true boundary, did not consider or intend the cattle fence to be the boundary–property line, discussed that the fence be moved to the true boundary when it was actually determined and in every way treated the cattle fence only as a livestock restraint, not as the boundary–property line . . .

The trial court concluded that neither Roy nor his predecessors including Mondor had adversely possessed the disputed strip.

Roy contends the trial court did not weigh the evidence but ruled as a matter of law that Mondor's "subjective intent" defeated Roy's claim of adverse possession. Roy further asserts that the intent of the possessor has no relevance and that he established a prima facie case of adverse possession. *O'Brien v. Schultz,* 45 Wn.2d 769, 278 P.2d 322 (1954).

In a nonjury trial, the trial court may pass upon a motion to dismiss at the close of plaintiff's case and grant the motion as a matter of law or fact. *Enterprise Timber,*

*Inc. v. Washington Title Ins. Co.,* 76 Wn.2d 479, 457 P.2d 600 (1969). When the trial court rules as a matter of law, it must treat the plaintiff's evidence as true and determine that the plaintiff has failed to establish a prima facie case. No findings of fact are necessary or required. Alternatively, when the trial court rules as a matter of fact, it may weigh the evidence in support of plaintiff's case and make *"a factual determination* that plaintiff has failed to establish a prima facie case by credible evidence, or that the credible evidence establishes facts which preclude plaintiff's recovery." *N. Fiorito Co. v. State,* 69 Wn.2d 616, 618, 419 P.2d 586 (1966); *Richards v. Kuppinger,* 46 Wn.2d 62, 278 P.2d 395 (1955). If the trial court rules as a matter of fact, the court is required to enter findings of fact and conclusions of law. CR 41(b)(3). Although it is frequently difficult to determine in a nonjury case whether the trial judge ruled as a matter of law or fact, the entry of findings and conclusions is generally a strong indication that the trial court weighed the evidence. *Brow v. Mutual of Omaha Ins. Co.,* 80 Wn.2d 701, 497 P.2d 933 (1972); *Nelson Constr. Co. of Ferndale, Inc. v. Port of Bremerton,* 20 Wn. App. 321, 582 P.2d 511 (1978); *Seattle–First Nat'l Bank v. Hawk,* 17 Wn. App. 251, 562 P.2d 260 (1977). *See* Trautman, *Motions Testing the Sufficiency of Evidence,* 42 Wash. L. Rev. 787, 802–05 (1966–67). If the trial court weighed the evidence and ruled as a matter of fact, the scope of review is limited to whether the trial court's findings of fact are supported by substantial evidence.[2] *Brow v. Mutual of Omaha Ins.*

---

[2]As noted by Trautman, *Motions Testing the Sufficiency of Evidence,* 42 Wash. L. Rev. 787, 803 n.65 (1966–67),

> In the 1950's the supreme court adopted the test of asking whether the evidence preponderated against the findings. . . . In the 1960's the court has applied a substantial evidence test. . . . Thus, over a period of years the supreme court has lessened its review and, concurrently, increased the power of the trial judge. . . . Likewise, findings will be allowed to stand even more often under a substantial evidence test.

The substantial evidence test has continued through the 1970's, although the "preponderates" language continues to crop up occasionally. *See Seattle–First Nat'l Bank v. Hawk, supra* at 254. The discrepancy between the two tests was

*Co., supra; N. Fiorito Co. v. State, supra.* If the trial court ruled as a matter of law, this court will consider whether the law is correctly stated and applied. *Brow v. Mutual of Omaha, supra* at 703.

At oral argument, Roy contended that even though the trial judge entered findings of fact, his oral opinion indicates he ruled as a matter of law. When there is doubt as to how the trial court ruled, the reviewing court will look to the trial court's oral or memorandum opinion. *N. Fiorito Co. v. State, supra* at 620; *Jacobs v. Brock,* 66 Wn.2d 878, 406 P.2d 17 (1965); *Richards v. Kuppinger, supra* at 65; *O'Brien v. Schultz, supra.* Here, a review of the trial judge's oral opinion discloses that it is ambiguous at best. The court stated in pertinent part:

> Well, at the outset, it appears clear to me that factually there is little question that it was referred to as the old fence which was there apparently at the time that Mr. Mondor bought the property, and had been there for a long time previously, . . . and was used up to . . . 1974.
>
> The plaintiff, in order to prevail here, must show that, . . . certain criteria must be met . . . that there must be a mutual recognition, . . . by the two owners on either side of the boundary, on either side of the fence, . . . that there must be a mutual recognition and acquiescence in the fence line, in this case as the mutually adopted boundary between their properties.
>
> . . .
>
> *. . . I don't know of any conduct on the part of Mr. Mondor which indicates that he intended to exert ownership over the disputed land to the exclusion of the true owner.* It was simply that the fence was there and both parties used it. *There is no evidence in this case at all. In fact, the only evidence is to the contrary,* . . .
>
> Those being the facts, I find no indication in the evidence of any waiver of rights by Mr. Goerz, . . .
>
> . . .

---

noted in *Knapp v. Hoerner,* 22 Wn. App. 925, 591 P.2d 1276 (1979), with the court finding the substantial evidence test is proper when reviewing the findings of the trial court. It should also be noted that *Knapp v. Hoerner, supra,* did not involve the findings of the trial court in a nonjury trial.

. . . I cannot find from the bare fact that the fence was in existence, . . . that that bare fact, in and of itself establishes mutual recognition of the fence as the true boundary . . . *I cannot make a finding because there is no evidence.* . . . by a preponderance that there was a mutual recognition of it prior to Mr. Mondor's possession.

That is basically what my ruling is.

(Italics ours.)

Although it may be arguable that the trial judge ruled as a matter of law in his oral opinion, the fact that he entered findings of fact and conclusions of law strongly indicates he weighed the evidence. From the foregoing excerpt we find the trial judge made, in part, a factual determination. The oral opinion denotes the trial judge weighed both Mondor's declared intent not to claim his neighbor's land, and also weighed his conduct and concluded the evidence was contrary to Roy's claim.

A trial judge's oral opinion has no binding or final effect until a judgment is entered. If a factual determination is required, findings of fact and conclusions of law must precede the judgment. *State v. Dailey,* 93 Wn.2d 454, 458, 610 P.2d 357 (1980); *Seidler v. Hansen,* 14 Wn. App. 915, 547 P.2d 917 (1976); *Felsman v. Kessler,* 2 Wn. App. 493, 468 P:2d 691 (1970). Here, because the oral opinion is ambiguous yet the trial court entered findings of fact and conclusions of law, we conclude that between the time of its oral opinion and entry of the findings, conclusions and judgment, the court weighed the evidence and ruled as a matter of fact. Therefore, we must determine if there is substantial evidence to support the findings. *Brow v. Mutual of Omaha Ins. Co., supra; Nelson Constr. Co. of Ferndale, Inc. v. Port of Bremerton, supra; Seattle–First Nat'l Bank v. Hawk, supra; Sherwood & Roberts–Yakima, Inc. v. Cohan,* 2 Wn. App. 703, 707, 469 P.2d 574 (1970); *cf. O'Brien v. Schultz, supra.*

To establish title by adverse possession, claimants must prove their possession is actual and uninterrupted, open and notorious, hostile and exclusive, under a claim of

right made in good faith for the statutory period. *Muench v. Oxley,* 90 Wn.2d 637, 584 P.2d 939 (1978); *Brown v. Hubbard,* 42 Wn.2d 867, 259 P.2d 391 (1953). The element of hostility or "adverseness" has been defined as a "notoriously evinced intent to claim the land to the disputed line." *Muench v. Oxley, supra* at 642. Generally, whether a party has acquired title to property by adverse possession is a question of fact. *Dunbar v. Heinrich,* 25 Wn. App. 10, 605 P.2d 1272 (1979), *review granted,* 93 Wn.2d 1015 (1980); *Danner v. Bartel,* 21 Wn. App. 213, 584 P.2d 463 (1978).

Roy argues that the court based its findings and conclusions on Mondor's "subjective intent" which has no relevance to establishing Roy's prima facie claim of adverse possession. We recognize that "subjective intent, as an element of adverse possession, has been criticized", *Dunbar v. Heinrich, supra* at 12, and that a man by thoughts alone can neither put himself in adverse possession or think himself out of it. *Dunbar v. Heinrich, supra* at 12. Nevertheless, a person's declared intent coupled with conduct can be weighed in determining whether the use has been adverse.

The test for determining intention to claim another's land is best summarized in *O'Brien v. Schultz, supra* at 780.

> In jurisdictions such as ours, the *acts* of the user most frequently control. If his *acts* clearly evince an intention to claim land as its owner, a general *declaration* by the user that he did not intend to claim another's land will not prove lack of intention. . . . *But a specific declaration by a user that he knew a fence was not the boundary and that he agreed to consider it as a temporary barrier* will prove lack of intention. . . . And if his *acts* are equivocal or do not clearly evince his intention to claim as owner, his *declaration* that he did not intend to take another's land, though not conclusive proof of lack of intention, may be considered in determining his intention while using the land.

(Some italics ours.)

Here, Mondor specifically declared that he knew the fence was not the boundary, but was simply a cattle fence.

He discussed this matter with Froehlich. A fence erected to control pasturage or cattle and not as a boundary does not establish adverse possession. *Taylor v. Talmadge,* 45 Wn.2d 144, 273 P.2d 506 (1954); *Hawk v. Walthew,* 184 Wash. 673, 52 P.2d 1258 (1935); *Lappenbusch v. Florkow,* 175 Wash. 23, 26 P.2d 388 (1933). *See also Young v. Newbro,* 32 Wn.2d 141, 200 P.2d 975 (1948); *cf. Schmidt v. Hanson,* 5 Wn. App. 97, 485 P.2d 1007 (1971). *See also* Annot., 48 A.L.R.3d 818, §§ 10, 11 at 847 (1973). The trial judge in both his findings and his oral opinion weighed Mondor's conduct as well as his declarations and concluded that the requisite hostility to establish adverse possession had not been evinced. We find there was substantial evidence in the record to support the trial court's findings and conclusions.

Judgment affirmed.

McINTURFF, A.C.J., and ROE, J., concur.

Reconsideration denied August 7, 1980.

Review denied by Supreme Court October 24, 1980.