[No. 10902-0-III. Division Three. June 9, 1992.]

LARRY MCLANAHAN, *Appellant*, v. FARMERS INSURANCE COMPANY OF WASHINGTON, *Respondent*.

*Richard C. Fitterer,* for appellant.

*Diehl R. Rettig* and *Raekes, Rettig, Osborne, Forgette & O'Donnell,* for respondent.

SHIELDS, C.J. — Larry McLanahan filed suit against Farmers Insurance Company of Washington after it denied coverage for damages allegedly arising from the theft of his automobile. At the close of Mr. McLanahan's evidence during a bench trial, the court granted Farmers' CR 41(b)(3) motion for dismissal of the case on the basis he breached the insurance contract by selling the vehicle before Farmers could inspect and appraise the damage. Mr. McLanahan appeals, contending his evidence was sufficient for the trier of fact to determine whether: (1) Farmers unreasonably delayed the handling of his claim; (2) his sale of the vehicle was reasonable and not a breach of contract; and (3) Farmers violated certain regulatory insurance statutes, including the Consumer Protection Act (CPA) RCW 19.86. We affirm.

The court entered unchallenged findings which set forth the relevant facts. Farmers insured Mr. McLanahan's 1985 Lamborghini Countach under a policy providing comprehensive coverage, including theft, until the policy expired and was nonrenewed by the company in July 1987. In August 1986, Mr. McLanahan, a resident of Benton County, took his Lamborghini to an automobile dealer in Santa Monica, California, for sale on consignment. In March 1987, Mr. McLanahan submitted a claim to Farmers alleging theft of

the vehicle after the dealer delivered it to a third person without Mr. McLanahan's consent and after demand for its return was refused.

As a consequence of the reported theft, Farmers undertook adjustment of the loss and was prepared to pay Mr. McLanahan the reasonable value of the Lamborghini. Meanwhile, with the assistance of California counsel, Mr. McLanahan retrieved the vehicle and submitted a claim to Farmers for damage to it which occurred during the third party's wrongful possession.

On April 10, 1987, Farmers agreed to pay for damages proven to have resulted from the theft. Mr. McLanahan had the damage evaluated on May 17 and 19, but was unable to obtain a firm repair estimate. Because of this, and due to the highly unusual nature of the vehicle, Farmers referred the matter to its attorney, who corresponded with Mr. McLanahan's attorney.

In a letter dated August 21, 1987, Mr. McLanahan's attorney acknowledged his client agreed to have the vehicle inspected at a location to be specified by Farmers. On September 3, Farmers' attorney wrote to Mr. McLanahan's attorney requesting the vehicle be made available for an independent inspection within the next several weeks by two mechanics — one in the Tri-Cities and another to be flown in by Farmers from Portland. This letter was forwarded to Mr. McLanahan by his attorney on September 16. However, on October 7, without seeking further advice from his attorney or affording Farmers any notice or opportunity to inspect the vehicle, Mr. McLanahan sold it to the first cash buyer — a wholesale car dealer.

Mr. McLanahan's policy with Farmers provided coverage for theft damages, subject to certain terms and conditions, including:

> Other Duties
> A person claiming any coverage of this policy must also:
>
> . . . .
> 7. If claiming car damage coverage:
>
> . . . .
> c. Allow us to inspect and appraise the damaged vehicle before its repair or disposal.

. . . .
Payment of Loss
We may pay the loss in money or repair or replace damaged or
stolen property.

Mr. McLanahan was aware of these conditions, but nonetheless attempted to justify selling the car by his frustration with delay in adjusting the loss and concern that the vehicle was uninsured after Farmers did not renew his policy.

Upon Farmers' motion for dismissal at the close of Mr. McLanahan's case, the court as the trier of fact concluded Farmers had a contractual right to inspect and appraise the damaged vehicle as a term and condition of coverage. Therefore, Mr. McLanahan's sale of the vehicle was a breach of the contract, which forfeited his right to coverage. The court also concluded Mr. McLanahan's claim of inordinate delay by Farmers and his inability to obtain other insurance on the vehicle provided him no legal basis for noncompliance with the conditions of coverage, particularly in light of his attorney's agreement to arrange for inspection of the vehicle. The court finally concluded the denial of benefits to Mr. McLanahan was neither frivolous nor unfounded and, thus, Farmers did not violate the CPA.

■ The issue is whether the court erred in granting Farm-ers' motion. Mr. McLanahan contends he produced sufficient evidence to permit the trier of fact to determine whether Farmers unreasonably delayed the handling of his claim, and whether his sale of the vehicle was justified and not a breach of the insurance contract. The contention is correct in a nonjury case if the motion is made as a matter of law; it is not correct if the motion is made on the merits. As pointed out in 4 L. Orland, Wash. Prac., *Rules Practice* § 5502, at 243-44 (3d ed. 1983):

> The trial court may pass upon a motion to dismiss at the
> close of plaintiff's case and grant the motion as a matter of
> law or fact. The trial court need not enter findings of fact if it
> decides as a matter of law that plaintiff has not made out a
> case. The entry of findings is an indication that the court
> weighed the evidence and made a decision as the trier of facts.

(Citation omitted.) *See also* RCW 4.56.120(8).

The dissent makes it clear that Mr. McLanahan's evidence, if accepted as factually true, would result in a legal conclusion he had established a prima facie case. In that case no findings of fact were necessary or required. *N. Fiorito Co. v. State*, 69 Wn.2d 616, 620, 419 P.2d 586 (1966). Here, the trial court entered findings and weighed the evidence. In doing so, the trial court makes "*a factual determination* that plaintiff has failed to establish a prima facie case by credible evidence, or that the credible evidence establishes facts which preclude plaintiff's recovery." *N. Fiorito Co.*, at 618. Here, the trial court determined Farmers had established facts precluding Mr. McLanahan's recovery because he breached a duty to allow Farmers to appraise the damaged vehicle before it was sold. Whether Mr. McLanahan established a prima facie case is immaterial because his acts preclude recovery.

This court will accept the findings on appeal if they are supported by substantial evidence. *N. Fiorito Co.*, at 619; *Nelson Constr. Co. of Ferndale, Inc. v. Port of Bremerton*, 20 Wn. App. 321, 326-27, 582 P.2d 511, *review denied*, 91 Wn.2d 1002 (1978). The question then is whether the findings of fact support the conclusions of law and the judgment. *Nelson Constr.*, at 327.

The unchallenged findings, which are verities on appeal, *Metropolitan Park Dist. v. Griffith*, 106 Wn.2d 425, 433, 723 P.2d 1093 (1986), establish that Mr. McLanahan knew of, and agreed to abide by, the requirement under the policy that Farmers be allowed to inspect the damaged Lamborghini as a condition precedent to recovery for damage due to theft. Instead, he sold the vehicle. Accordingly, the court's findings support its conclusion that Mr. McLanahan breached the contract, thus relieving Farmers of any obligation to pay. *See Gipps Brewing Corp. v. Central Mfrs.' Mut. Ins. Co.*, 147 F.2d 6 (7th Cir. 1945); *Delta Lumber & Box Co. v. Lobaugh*, 64 F. Supp. 51 (N.D. Cal. 1946).

In these circumstances, the court also correctly determined Farmers did not unreasonably delay adjusting Mr. McLanahan's loss in violation of RCW 48.30 and WAC 284-30 and did not violate the CPA, RCW 19.86. *Hangman*

*Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 719 P.2d 531 (1986).

■ Although the dissent relies on the proposition that forfeitures in contract, insurance or otherwise, are not favored, the proposition does not operate unless there is evidence of conduct suggesting a waiver of strict performance. There is no evidence of waiver by Farmers; in fact, the exchange of letters between counsel for the parties in August and September 1987 establish the expected strict performance of the contractual duty to permit appraisal of the damage before the vehicle was sold, and Mr. McLanahan's knowledge of that expectation.

We hold the court's grant of Farmers' motion for dismissal was correct and affirm.

MITCHELL, J. Pro Tem., concurs.

THOMPSON, J. (dissenting) — We are reviewing a judgment in a bench trial wherein the court granted a dismissal at the close of plaintiff's case. CR 41(b)(3). Our review requires a determination of whether plaintiff presented sufficient evidence to establish a prima facie case or whether the credible evidence established facts which precluded plaintiff's recovery. Since the evidence established (a) a prima facie case entitling plaintiff to damages, (b) Farmers' failure to comply with the Washington Administrative Code (WAC) regarding the settlement of claims, and (c) Farmers' dilatory actions contributed to plaintiff's difficulty in proving damages, I would reverse and remand for trial.

In early March 1987, Mr. McLanahan submitted a claim to Farmers for theft of his vehicle while it was on consignment for sale in the Los Angeles area. Farmers undertook to adjust the claim. In the meantime, through the insured's efforts, the car was located and returned to the Tri-Cities area from Los Angeles. The car had sustained extensive damage, and in early April, at Farmers' request, Mr. McLanahan brought the vehicle to Farmers' drive-in claims office for inspection. He was told to get repair estimates.

On May 19, 1987, Mr. McLanahan obtained an estimate of $35,000 to $40,000 from the mechanic who serviced the car before its theft. He submitted the estimate to Farmers, but its agent told him the estimate was beyond his authority and would have to be forwarded to a supervisor.

Hearing nothing further from Farmers, Mr. McLanahan's attorney called Farmers, then wrote a letter dated June 2 requesting an expedited adjustment. Not only did Farmers not respond promptly to his attorney's letter, but by letter dated June 12, advised Mr. McLanahan the insurance on his vehicle would not be renewed. On June 19, Mr. McLanahan's attorney wrote another letter to Farmers requesting a response to his earlier letter.

Coverage on the vehicle expired July 3. The vehicle had been in storage. After coverage expired, Mr. McLanahan moved the car to his home because a fire in an adjacent storage unit raised concerns regarding the safety of the vehicle.

On August 10, more than 2 months *after* Mr. McLanahan's attorney requested an expedited adjustment, and 4 months *after* the claim for damages was filed, Farmers made additional inspection demands and for the first time raised an issue regarding coverage. On August 21, Mr. McLanahan's attorney responded, stating coverage had been admitted by Farmers; the claim had been pending since February (correct date, March); Farmers had received an estimate from the only qualified mechanic in the Northwest; Farmers had been given an opportunity to mitigate the damages by virtue of an available sale, which it rejected; the repair work alone could take a year; and because Farmers had canceled coverage, it would have to arrange for coverage during transportation to the places of inspection.

On September 3, Farmers' attorney responded that arrangements had been made to fly in an exotic car specialist from Portland to inspect the car. No mention was made of providing coverage until the inspection was completed. Several weeks later, frustrated by the delays and

concerned that something might happen to the vehicle, Mr. McLanahan accepted an offer of $77,000 for the vehicle. Evidence was provided that the average Blue Book value on the vehicle without damage in 1987 was $94,000.

Based on this evidence, the trial court concluded Mr. McLanahan breached *his duty* as an insured to make the vehicle available for inspection and appraisal, a duty which was not excused by Farmers' inordinate delay in inspection and payment of the claim (conclusion of law 3).

RCW 48.01.030 requires insurers to act in good faith in dealing with their insureds. WAC 284-30-370 sets forth standards for prompt investigation of claims. It requires every insurer to complete investigation of a claim within 30 days after notification, unless such investigation cannot reasonably be completed within such time. WAC 284-30-380 states an insurer has 15 working days to settle claims or give reasons why more time is needed.

Depending on the circumstances, a CR 41(b)(3) motion may be granted on the merits or as a matter of law. *N. Fiorito Co. v. State*, 69 Wn.2d 616, 618, 419 P.2d 586 (1966). In ruling as a matter of law, a trial court

> must accept the plaintiff's evidence as true, and then determine whether or not the plaintiff has made a prima facie case. *Roy v. Goerz*, 26 Wn. App. 807, 614 P.2d 1308[, *review denied*, 94 Wn.2d 1018] (1980). In ruling as a matter of law, the court "does not make factual determinations or evaluate the credibility of plaintiff's evidence, except as may be incidentally necessary to favorably resolve conflicts appearing therein". *N. Fiorito Co. v. State*, 69 Wn.2d 616, 619-20, 419 P.2d 586 (1966).

*Spring v. Department of Labor & Indus.*, 96 Wn.2d 914, 918, 640 P.2d 1 (1982). In deciding a CR 41(b)(3) motion on the merits,

> the trial court may *weigh* the evidence properly adduced in the course and in support of plaintiff's case, and make *a factual determination* that plaintiff has failed to establish a prima facie case by credible evidence, or that the credible evidence establishes facts which preclude plaintiff's recovery.

*N. Fiorito Co.*, at 618.

Whether the trial court granted a dismissal to Farmers on the merits or as a matter of law, Mr. McLanahan presented sufficient evidence to establish a prima facie case. There was evidence of inordinate delays and failure to act in a timely manner. There was evidence regarding the value of the car before and after the damage. There was evidence of repair costs. There was substantial evidence presented that an insured loss occurred and the insured was entitled to recover for that loss.

How much Mr. McLanahan's recovery should be and the basis for granting damages may have been complicated by the sale of the vehicle. However, the evidence clearly established the insured attempted to comply with policy provisions and Farmers had over 6 months to have the damage evaluated. Placing the entire burden of the loss on the insured on the basis the sale was a breach of the insurance contract was reversible error. Mr. McLanahan did not forfeit his rights under the insurance contract (conclusion of law 4).

It is a longstanding principle in this state that forfeitures are not favored in law or equity. This principle is applicable whether or not insurance contracts are at issue. *E.g., Rocha v. McClure Motors, Inc.*, 64 Wn.2d 942, 947, 395 P.2d 191 (1964); *Moeller v. Good Hope Farms, Inc.*, 35 Wn.2d 777, 782, 215 P.2d 425 (1950); *Shirley v. American Auto. Ins. Co.*, 163 Wash. 136, 144, 300 P. 155 (1931). Further, the doctrines of waiver and estoppel apply to noncooperation clauses in insurance contracts, whether the cooperation required by the insured is to attend hearings and trials, give written notices of a claim, or complete some other similar act. *See generally* Annot., *Liability Insurer's Postloss Conduct as Waiver of, or Estoppel To Assert, "No-Action" Clause*, 68 A.L.R.4th 389, § 4, at 398-400 (1989). And, as set forth in 8 J. Appleman, *Insurance* § 4772, at 221 (1981),

[a] question of cooperation, as respects a breach of a policy cooperation clause, involves not only the good faith of the insured but the good faith of the insurer as well. And an

automobile liability insurer must make a substantial showing of diligence before it can rely on a defense of noncooperation.

(Footnotes omitted.)

The dilatory adjusting practices of Farmers contributed to Mr. McLanahan's problem in proving damages and were in contravention of RCW 48.01.030 and WAC 284-30-370. There was sufficient evidence presented to establish estoppel or waiver of Farmers' right to assert the noncooperation clause in its policy. Mr. McLanahan presented a prima facie case of coverage as to the extent of damages to his vehicle. If he failed to get the best price available by selling wholesale, this may be a reason for reducing his recovery, not totally precluding it. To the extent the trial court made a factual determination after weighing the evidence presented, the findings are neither supported by the evidence, nor do they support the conclusions of law. The undisputed facts establish the insured did attempt to comply with Farmers' requests from the time he drove the vehicle into the drive-in claims office.

I would reverse the dismissal and remand for trial.

Review denied at 120 Wn.2d 1006 (1992).