[No. 33106. Department One. July 14, 1955.]

GLEN W. PARKS, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Walthew, Oseran & Warner*, for appellant.

*The Attorney General* and *Owen A. Johnson, Assistant*, for respondent.

SCHWELLENBACH, J.—This is an appeal by a workman from a judgment entered on a jury verdict sustaining the ruling

[1]Reported in 286 P. (2d) 104.

of the board of industrial insurance appeals denying a claim for aggravation.

Plaintiff sustained an industrial injury on November 30, 1945. His claim, based on that injury, was closed on January 23, 1946. In 1947, the department reopened his claim, and on May 24, 1948, it was closed with a permanent partial disability award of twenty-five per cent of the maximum allowed for unspecified disability. Plaintiff again applied to reopen his claim for aggravation on April 17, 1951. The department, in June of 1951, denied his application for the reason that there was no aggravation of his industrial injury and that the condition complained of was unrelated to plaintiff's industrial injury.

Plaintiff appealed to the board of industrial insurance appeals, which sustained the order of the department. He then appealed to the superior court, asking for and obtaining a jury. The jury's verdict was in favor of the department and the board of industrial insurance appeals. Plaintiff moved for a new trial solely upon the grounds that the court erred in giving three instructions. The court denied the motion, ruling that the instructions were correct statements of the law and were not prejudicial. This appeal follows.

The three instructions assigned as error will be considered separately.

Instruction No. 3 reads in part as follows:

"You are instructed that the Board of Industrial Insurance Appeals is a separate and independent board of review, entirely removed from the administration of the Department of Labor and Industries. *It consists of three members —a representative of labor, a representative of industry and a public representative, who is the chairman and law member of Board.* It is the function and duty of the Board of Industrial Insurance Appeals to review all orders issued by the supervisor of industrial insurance under the workmen's compensation act when appeals are taken to the Board by interested parties."

(The portion particularly excepted to is italicized.)

■  The instruction correctly states the law. Its purpose is to advise the jury that the board of industrial insurance

appeals is a separate and independent board of review. We see no necessity of going into detail as to its membership. Such inclusion adds nothing to the purpose of the instruction. Appellant states in his brief:

"This instruction is regularly requested and given for the sole purpose of telling the jury in fact 'Look, this plaintiff has already had a hearing and his own representative, his own man, has held against him.' "

The record does not disclose any prejudice to appellant in this case resulting from the inclusion of the italicized portion of the instruction. A litigant cannot object to an instruction merely because he does not like it. He must show prejudice. None was shown here. However, having in mind the humane purpose for which the industrial insurance law was enacted, we suggest that the italicized portion be dispensed with in the future in order to eliminate any possible prejudice which might result to claimants because of its inclusion.

Instruction No. 5 reads:

"You are further instructed that the defendant, the Department of Labor and Industries of the State of Washington, is an administrative body authorized by law to act as trustee of the accident fund, a fund created, established and maintained for the purpose of providing compensation to workmen and their dependents for disabilities proximately caused by industrial accidents or occupational diseases.

*"The accident fund which has been mentioned is maintained by contributions charged the employers in the state. Workmen make no payments into the accident fund.*

"You are further instructed that, acting in such capacity as trustee, it becomes the duty of the Department to allow and pay just claims against the said fund in accordance with the law governing such payments.

"On the other hand, it is the duty of such Department to reject such claims as are unfounded in law or in fact."

█ Again, the italicized portion is not necessary to the instruction, which defines the duties of the department of labor and industries as trustee of the accident fund. The source of the fund should not be considered by the jury in determining whether or not the proper disposition was made of the claim against the fund. Here, the sole question

before the jury was whether or not there was aggravation of claimant's industrial injury. It was not only error to inject into the case the source from which the fund was derived, a matter entirely foreign to the issue involved, it was prejudicial error. The instruction advised the jurors that the claimant did not contribute to the fund. Its effect was to caution them to be careful in making an award out of a fund contributed to solely by employers and not by workmen. In *Franks v. Department of Labor & Industries,* 35 Wn. (2d) 763, 215 P. (2d) 416, we held that it was prejudicial error to instruct the jury as to the *amount* of money at issue. It was likewise prejudicial error in this case to instruct as to the *source* of the money.

Instruction No. 9 reads:

"Whether plaintiff's disability has increased between May 24, 1948, and June 5, 1951, and whether such increased disability was caused by his industrial injury must be established by medical testimony. To prove these facts a physician cannot rely solely on what the plaintiff tells him or in other words subjective complaints, but he must have some objective findings of disability with which to compare the increase of disability.

"Statements in regard to disability which are recited by the plaintiff, and which cannot be proved to be present or absent by medical science are called subjective findings. Those signs of disability which can be seen and measured by physicians are called objective findings."

■ This instruction, as far as it went, correctly stated the law. The distinction to be drawn between subjective and objective findings, and their proper application in each individual case, has given courts great concern, and we do not see how jurors can properly evaluate the testimony unless they are instructed as to the law in this regard. No prejudice resulted to the claimant from giving the questioned instruction. We feel, however, that instructions covering this issue should be more complete in order that the jury may obtain a clearer conception of the proper weight to be given to such testimony.

The judgment is reversed, and the cause is remanded with direction to grant a new trial because of the giving of instruction No. 5.

HAMLEY, C. J., DONWORTH, FINLEY, and OTT, JJ., concur.