[No. 33476. Department Two. September 20, 1956.]

JOE LA PLANT, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

[1]Reported in 301 P. (2d) 542.

*Walthew, Oseran & Warner* (*James E. McIver*, of counsel), for appellant.

*The Attorney General* and *Winston C. Ingman, Assistant*, for respondent department of labor and industries.

*John E. Close*, for respondent Schafer Brothers Lumber and Shingle Company.

WEAVER, J.—Plaintiff appeals from a judgment of the superior court sustaining the decision of the board of industrial insurance appeals. The board, in turn, had sustained the order of the supervisor of industrial insurance denying plaintiff's claim for aggravation of his industrial injury. Judgment was entered upon a jury verdict for defendants.

November 5, 1945, plaintiff sustained an industrial injury. His claim was closed with an award of ten per centum of the maximum allowed for unspecified disability.

June 19, 1947, plaintiff sustained a second industrial injury. May 18, 1948, his claim was closed with an award of thirty-five per centum of the maximum allowed for unspecified disability, less the ten per centum award for the first injury. May 18, 1948, is the first terminal date.

Plaintiff's subsequent application to reopen his claim for alleged aggravation of his prior injury was denied by the

supervisor on November 15, 1949. This is the second terminal date.

Plaintiff assigns error (1) to two jury instructions and (2) to the admissibility of certain medical testimony introduced by defendants.

Jury instruction No. 6 states that the department of labor and industries compensates workmen out of an accident fund maintained by employers, and that workmen make no payments into the fund.

Jury instruction No. 4 states:

"The purpose of the law is to insure that workingmen suffering from identical disabilities should receive the same compensation, and that one should not be compensated at a higher rate or a lower rate than another if suffering from the same amount of loss of bodily function. The monetary amounts are fixed by the legislature, and the question of whether they are sufficient or insufficient is not for you to consider. It also makes no difference whether the injury sustained was due to the negligence of the workingman or due to the negligence of the employer, or was an accident in which no negligence was involved."

The sole issue of the instant case for the jury's determination is this: Did plaintiff sustain the burden of proving, by medical testimony, that an aggravation of his condition occurred between the terminal dates; i.e., May 18, 1948, when the department closed his claim and November 15, 1949, when the department refused to reopen his claim for aggravation? *White v. Department of Labor & Industries,* 48 Wn. (2d) 413, 293 P. (2d) 764 (1956); *Clayton v. Department of Labor & Industries,* 48 Wn. (2d) 754, 296 P. (2d) 676 (1956).

In the light of this issue, the trial court believed these instructions ill-advised but, on argument of plaintiff's motion for a new trial, held that they were not prejudicial to plaintiff's case.

Shortly thereafter, this court, in *Parks v. Department of Labor & Industries,* 46 Wn. (2d) 895, 286 P. (2d) 104 (1955), reversed a judgment and remanded the case with direction to grant a new trial, because the jury was in-

structed in the language of instruction No. 6 of the instant case. That the employer is a party to this appeal does not change the conclusion that this instruction is prejudicial. Although our opinion in the *Parks* case, *supra*, does not disclose the fact, it appears from the original records of the *Parks* case, in this court, that the employer *was* a party to the proceedings in the superior court.

We have no criticism of instruction No. 4 as an abstract statement of the law. We do not agree with plaintiff's contention that it tells the jury he would get more compensation than any other workman, who was found to be permanently and totally disabled at the time the supervisor closed his case. Although no prejudice is shown by its inclusion, when viewed in the light of the issue before the jury, we fail to appreciate its materiality.

Since this case must be remanded for a new trial, we turn to those assignments of error based upon the admission of certain testimony.

■ Dr. M. W. Brachvogel examined plaintiff June 19, 1947, the date of his injury. He treated him for about two weeks. His testimony in no wise refers to plaintiff's condition or possible aggravation of his condition between the terminal dates; hence, it has no probative value and plaintiff's objection to its admission should have been sustained.

Immediately after Dr. Miller and Dr. Haven disclosed their professional qualifications, they testified that they had examined plaintiff on October 20, 1952—thirty-five months after the last terminal date. At this point, plaintiff's counsel objected

". . . to any testimony at this time on the part of the doctor as being immaterial as too remote from the time of injury and aggravation period."

It is upon this objection that plaintiff bases his assignment of error to the admissibility of the doctors' testimony.

■ Examination of a claimant after the terminal date does not establish, *ipso facto*, the expert testimony of the examiner as immaterial. On the contrary, if such testimony meets certain standards, it may be material and probative.

See *White v. Department of Labor & Industries,* 48 Wn. (2d) 413, 293 P. (2d) 764 (1956); *Clayton v. Department of Labor & Industries,* 48 Wn. (2d) 754, 296 P. (2d) 676 (1956).

 ▉ Plaintiff's argument covers a large portion of the testimony of the two doctors, given *after* the quoted objection was made. However, in the absence of timely objections to specific testimony and presentment of them to this court by adequate assignments of error, we cannot discuss the evidence in the light of what may be admissible and what may be inadmissible.

The judgment is reversed, with instructions to grant a new trial.

SCHWELLENBACH, HILL, and ROSELLINI, JJ., concur.