[No. 66-40674-3.    Division Three.    March 6, 1970.]

LEE F. BONKO, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Leo H. Fredrickson* (of *Fredrickson, Maxey, Bell & Allison*), for appellant.

*Slade Gorton, Attorney General, Thomas R. Chapman* and *Michael E. Donohue, Assistants,* for respondent.

GREEN, J.—Plaintiff, Lee F. Bonko, appeals from a judgment affirming an order of the Board of Industrial Insurance Appeals.

Plaintiff, age 46, sustained an industrial injury on November 3, 1960. A slab of lumber fell and hit him on the back, while he was employed by Deer Park Pine Industries, Inc. as a cleanup man underneath their lumber mill. A claim was filed and recognized by the Department of Labor and Industries. Thereafter, in addition to receiving compensation for treatments, he received temporary total disability time loss payments through December 30, 1963. On February 27, 1964, the supervisor entered an order closing his claim with a permanent partial disability award of 30 per cent of the maximum allowable for unspecified disabilities. He appealed to the Board of Industrial Insurance Appeals. On September 10, 1964, the board issued an order directing the supervisor to reopen the claim for further treatment of a dermatitis condition and to take such further action as authorized by law. The supervisor reopened the claim on September 28, 1964 and on April 11, 1966 it was closed without change. Thereupon, plaintiff appealed from the closing order, alleging that he was entitled to time loss compensation from December 30, 1963 to September 20, 1965 (the date he began work), and that his permanent partial disability award should have been fixed at 75 per cent of the maximum for unspecified disabilities.

On May 6, 1966, the board granted the appeal and hearings were subsequently held. No evidence was presented by either party concerning any change in plaintiff's permanent partial disability. The evidence was directed to the issue of plaintiff's entitlement to time loss compensation. Following

hearings, the board issued an order sustaining and leaving unchanged the supervisor's order of April 11, 1966. Plaintiff appealed to the superior court; the award was again affirmed.

The only issue raised on this appeal is whether the trial court erred in its conclusion of law that "the plaintiff was not, between December 30, 1963 and September 20, 1965, temporarily totally disabled within the meaning of RCW 51.32.090." This conclusion was based upon the following pertinent findings of fact:

### III

Between December 30, 1963 and September 20, 1965, the plaintiff was not gainfully employed.

### IV

Between December 30, 1963 and September 20, 1965, the plaintiff was able to work but, due to the effects of his industrial injury, he was under periodic treatment and was unable to return to the work which he had been doing at the time of his injury.

Plaintiff does not assign error to these findings; therefore, they become the established facts of the case. *Weiss v. Weiss*, 75 Wn.2d 596, 452 P.2d 748 (1969); *State ex rel. Bain v. Clallam County Bd. of County Comm'rs*, 77 W.D.2d 549, 463 P.2d 617 (1970). Plaintiff assigns error only to the conclusion that he was not temporarily totally disabled within the meaning of the statute.

The error claimed by plaintiff revolves around an interpretation of RCW 51.32.090:

Temporary total disability—Partial restoration of earning power—When employer continues wages. (1) When the total disability is only temporary, the schedule of payments contained in subdivisions (1), (2), (3) and (4) of RCW 51.32.060 shall apply, so long as the total disability continues.

. . .

(3) As soon as recovery is so complete that the present earning power of the workman, *at any kind of work*, is restored to that existing at the time of the occurrence of the injury, the payments shall cease. If and so long as the present earning power is only partially restored, the pay-

ments shall continue in the proportion which the new earning power shall bear to the old. No compensation shall be payable out of the accident fund unless the loss of earning power shall exceed five percent.

(Italics ours.)

Plaintiff takes the position that, under this statute, as long as he is undergoing treatment for the effects of his original injury, and is unable to return to his former type of employment, then he is temporarily totally disabled and entitled to time loss compensation. Plaintiff contends the trial court's finding that he was able to work at some other type of employment does not affect his classification as temporarily totally disabled and that he is entitled to full time loss payment.

██ We are unable to agree with this position. Under plaintiff's interpretation, he might be able to engage in a different occupation, earning as much or more than in his former type of employment, and still receive full time loss compensation so long as he was under treatment for the original injury. We do not believe the legislature intended this result.

"It is a familiar canon of construction that, when similar words are used in different parts of a statute, the meaning is presumed to be the same throughout."

*DeGrief v. Seattle,* 50 Wn.2d 1, 11, 297 P.2d 940 (1956).

Permanent total disability is defined as a

condition permanently incapacitating the workman from performing any work at any gainful occupation.

RCW 51.08.160. Reading this provision with the term "temporary total disability" in RCW 51.32.090, it must be concluded that temporary total disability and permanent total disability differ only in the duration of the disability, and not in its character. RCW 51.32.090 does not change the definition of total disability; temporary total disability would, therefore, be a condition temporarily incapacitating the workman from performing any work at any gainful occupation. *Cf. Nash v. Department of Labor & Indus.,* 1 Wn. App. 705, 709, 462 P.2d 988 (1969).

It seems clear that since plaintiff was able to work, he could not be temporarily totally disabled within this definition. RCW 51.32.090 directs the department to pay the workman time loss payments so long as the temporary total disability continues, or until the workman's recovery is so complete that his present earning power at any kind of work is restored to that existing at the time of injury, when payments would cease. In the event the workman's earning power at any kind of work is only partially restored to that existing at the time of injury *and* his condition becomes fixed or static, time loss payments then cease and a permanent partial disability award is made to the workman. RCW 51.32.080; *Franks v. Department of Labor & Indus.,* 35 Wn.2d 763, 215 P.2d 416 (1950). The second sentence of RCW 51.32.090(3) is a recognition that the workman, while being treated for a temporary total disability, may be physically able to return to some kind of work during his recovery and before his condition becomes fixed or static. During that period the workman shall be paid time loss compensation in proportion that the new earning power shall bear to the old. Plaintiff's contention that the second sentence of RCW 51.32.090(3) applies only if the workman returns to his former type of employment is without merit.

The evidence shows that plaintiff's condition became fixed at the end of 1963 and a permanent partial disability award made to him. The evidence fails to show that plaintiff thereafter became temporarily totally disabled, *i.e.,* incapacitated from performing any work at any gainful occupation. *Cf.* RCW 51.32.160. To the contrary, the superior court found plaintiff able to work. No evidence was presented as to plaintiff's new earning power so it was impossible to consider an allowance of time loss compensation even for a reduced amount. Plaintiff elected to stand or fall on his statutory interpretation. For these reasons, the superior court was correct in affirming the board's order.

Plaintiff cites *Franks v. Department of Labor & Indus., supra,* and *Lightle v. Department of Labor & Indus.,* 68

Wn.2d 507, 413 P.2d 814 (1966). Neither of these cases determine the issues before this court. Likewise, plaintiff cites *Fullhart Maytag Co. v. Stapleton,* 356 P.2d 350, (Okla. 1960); *United States Gypsum Co. v. Rauh,* 318 P.2d 864 (Okla. 1957); and *Transport Indem. Co. v. Industrial Accident Comm'n,* 157 Cal. App. 2d 542, 321 P.2d 21 (1958). These cases do not detract from the conclusions reached in this opinion.

Judgment is affirmed.

EVANS, C. J., and MUNSON, J., concur.