[No. 47716-7.  En Banc.  January 15, 1982.]

EUGENE R. SPRING, *Petitioner,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

---

*Fredrickson, Maxey, Bell & Stiley, Inc., P.S.,* and *Gaither M. Kodis,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Thomas R. Chapman, Assistant,* for respondent.

DORE, J.—Eugene Spring appeals from the Stevens County Superior Court's dismissal on appeal from the Board of Industrial Insurance Appeals award of permanent partial disability. We hold that the trial court did not apply

the proper standards in making its decision, and reverse the Court of Appeals and remand for retrial.

On September 28, 1970, Eugene Spring suffered a serious accident during the course of his employment with a logging company. His claim for industrial insurance was allowed and treatment provided, including surgical removal of a herniated disc. The Department of Labor and Industries (hereinafter referred to as the Department) closed Spring's claim on August 5, 1976, issuing a permanent partial disability award for 42 percent of the maximum allowable for unspecified disability. On September 28, 1976, Spring filed a notice of appeal to the Board of Industrial Insurance Appeals (hereinafter referred to as the Board), claiming that when his loss of physical function is considered with his age, lack of education and limited work experience, he is totally disabled.

On April 4, 1978, the Board sustained the Department order, recognizing only the loss of physical function. Spring appealed to the Stevens County Superior Court, certifying the Board record. He testified that he cannot stand or walk for very long periods of time, and that his pain is worse than when the claim was closed in 1976. He also testified that he can neither read nor write and has given up looking for work. Dr. Walter Powers, a professor of psychology and education and an employment and vocational specialist, testified that Spring is below normal in intelligence, probably dyslectic, and has little manual dexterity. Dr. Powers also testified that, in his opinion, it would be "considerably less likely than likely that he [Spring] would be able to obtain and maintain in a continuous, competitive basis gainful employment". Dr. Powers stated that he knew of no sedentary or light work that Spring could obtain and perform on a regular basis.

All four medical doctors testified that there was no medical evidence why Spring could not do light or sedentary work on a reasonably continuous basis. Some of the doctors felt that Spring merely "lacked motivation", as they found no medical basis for pain and other symptoms which he

reported.

In Superior Court, Spring moved for summary judgment. Although there is no summary judgment order in the record, the Department's memorandum, which is in the record, stated that appellant had been unsuccessful on his summary judgment motion. The trial court dismissed Spring's appeal "on the merits, and alternatively as a matter of law", and found that

> Plaintiff has not established a total inability to perform any type of light or sedentary work, and he could physically perform such gainful employment on a reasonably continuous basis on August 5, 1976.

Finding of fact No. 5.

> The only expert testimony purporting to show total disability from all employment incorporates conclusions regarding plaintiff's ability to obtain work.

Finding of fact No. 6.

The court then concluded:

> Plaintiff has failed to make a prima facie case because of failure to establish total inability to perform any type of light or sedentary work.

Conclusion of law No. 2.

> *The defendant did not,* on the basis of this record, *have any burden* of showing the availability of light or sedentary work to the plaintiff.

(Italics ours.) Conclusion of law No. 3.

> Plaintiff's expert testimony is *legally insufficient* to establish total and permanent disability because it relies in part upon plaintiff's ability to obtain gainful employment.

(Italics ours.) Conclusion of law No. 4.

> The order of the Board of Industrial Insurance Appeals dated April 4, 1978 which sustained the order of the Department of Labor and Industries dated August 5, 1976 and closed the claim with a permanent partial disability award equal to 42% of the maximum allowable for unspecified disabilities, is correct and should be affirmed.

Conclusion of law No. 5.

The Court of Appeals affirmed the dismissal of Spring's appeal, holding that the trial court "reached a permissible conclusion in a trial on the merits". We disagree.

We hold that the trial court erred in dismissing the appeal, whether it was decided on the merits or, alternatively, as a matter of law. When a trial court rules as a matter of law, it must accept the plaintiff's evidence as true, and then determine whether or not the plaintiff has made a prima facie case. *Roy v. Goerz,* 26 Wn. App. 807, 614 P.2d 1308 (1980). In ruling as a matter of law, the court "does not make factual determinations or evaluate the credibility of plaintiff's evidence, except as may be incidentally necessary to favorably resolve conflicts appearing therein". *N. Fiorito Co. v. State,* 69 Wn.2d 616, 619–20, 419 P.2d 586 (1966).

A prima facie case of total disability can be made when it is established that a workman was able to work prior to injury and is unable to do so after injury because of pain and the nature of the injury; when medical experts have testified to the loss of function and limitations on his ability to work; and when vocational experts have concluded that the workman is not employable in the competitive labor market. *Fochtman v. Department of Labor & Indus.,* 7 Wn. App. 286, 499 P.2d 255 (1972). Under *Fochtman,* the testimony of Spring's doctors describing loss of function, along with lay testimony and testimony of vocational expert Powers, was enough to make a prima facie case of total disability. The trial court erred in concluding that Spring had failed to make a prima facie case because of "failure to establish total inability to perform any type of light or sedentary work". Conclusion of law No. 2. The issue of total disability was a factual dispute and should have been resolved by a trier of the facts, but not as a matter of law as done by the trial court.

Alternatively, the trial court was incorrect in dismissing Spring's appeal "on the merits". RCW 51.08.160 defines "Permanent total disability" as

loss of both legs, or arms, or one leg and one arm, total loss of eyesight, paralysis or *other condition permanently incapacitating the worker from performing any work at any gainful occupation.*

(Italics ours.) This language does not mean that the worker must be absolutely helpless or physically broken and wrecked for all purposes except merely to live. *Kuhnle v. Department of Labor & Indus.,* 12 Wn.2d 191, 197, 120 P.2d 1003 (1942). Under *Kuhnle,* the injured worker need not show that he cannot perform *any* light or sedentary work, but must prove only that he is incapable of performing light or sedentary work of a *general* nature.

The "odd lot" doctrine which the court failed to apply was enunciated by the *Kuhnle* court:

[I]f an accident leaves the workman in such a condition that he can no longer follow his previous occupation or any other similar occupation, and is fitted only to perform "odd jobs" or special work, not generally available, the burden is on the department to show that there is special work that he can in fact obtain.

*Kuhnle, supra* at 198–99; *see also Wendt v. Department of Labor & Indus.,* 18 Wn. App. 674, 571 P.2d 229 (1977); 2 A. Larson, *Workmen's Compensation* § 57.51 (1981). This doctrine was reiterated in *Fochtman, supra* at 292, where the court quoted *Lee v. Minneapolis St. Ry.,* 230 Minn. 315, 320, 41 N.W.2d 433, 436 (1950):

An employe [*sic*] who is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist, may well be classified as totally disabled.

The trial court's conclusion that the defendant employer did not have the burden of showing the availability of light or sedentary work for Spring is incorrect under the rationale of *Kuhnle* and *Fochtman.* Spring met the burden of proving that he could not obtain and maintain employment of a *general* light and/or sedentary nature. The burden then shifted to the employer to prove that odd lot or special work of a nongeneral nature was available to Spring.

By not making the distinction between light or sedentary work of a general nature and odd lot light work, the court erroneously placed this burden on workman Spring.

█ The lower court's conclusion that Spring's expert testimony was "legally insufficient" to establish total disability is ambiguous and puzzling. The use of vocational expert testimony in disability cases has become increasingly prevalent over the last decade and should be encouraged. Vocational experts can often offer a more realistic appraisal of the overall ability and motivation of an injured worker, as their testimony is more likely to include an economic as well as medical analysis. In holding a vocational expert's testimony admissible and relevant, the *Fochtman* court stated at pages 295–96:

> Although we do not exclude other testimony, we find that testimony of a vocational consultant or employment expert who would consider medical evidence of loss of function and physical impairment, his own findings obtained in testing the injured workman, facts relative to the labor market, and his conclusion as to whether the injured workman was so handicapped as a result of the injury that he could not be employed regularly in any recognized branch of the labor market, is desirable, relevant and admissible to establish total disability.

Dr. Powers testified that Spring is below normal intelligence and probably dyslectic. He also testified that, in his opinion, Spring would be unlikely to obtain and maintain employment on a continuous, competitive basis, and that he knew of no type of light or sedentary work Spring could perform on a regular basis. This testimony is of the type which is highly relevant and admissible in a total disability case. It was error for the trial court to hold that the vocational expert's opinion was "legally insufficient" and to refuse to make use of Dr. Power's testimony in determining whether or not Spring was totally disabled.

We hold that the trial court misapplied Washington law regarding the sufficiency of evidence and burden of proof in the subject case. We reverse and remand to the Superior Court for trial consistent with the principles of law set

forth herein.

RosELLINI, HICKS, WILLIAMS, and DIMMICK, JJ., concur.

DOLLIVER, J. (dissenting)—In its unpublished opinion (*Spring v. Department of Labor & Indus.*, 28 Wn. App. 1034 (1981)), the Court of Appeals observed that "since there is nothing in the record to the contrary and observing the words used in the findings of fact and the order of dismissal that the court did consider the merits, we must assume it did." I agree. As did the Board of Industrial Insurance Appeals, the trial court, and the Court of Appeals, I would uphold the Department of Labor and Industries which awarded the plaintiff 42 percent of the maximum allowable for unspecified disabilities.

The majority cites extensively from *Kuhnle v. Department of Labor & Indus.*, 12 Wn.2d 191, 120 P.2d 1003 (1942), and *Fochtman v. Department of Labor & Indus.*, 7 Wn. App. 286, 499 P.2d 255 (1972). While I agree both cases are relevant to the matter before the court, I believe the majority misapplies them both. *Kuhnle* established the rule that

> if an accident leaves the workman in such a condition that he can no longer follow his previous occupation or any other similar occupation, and is fitted only to perform "odd jobs" or special work, not generally available, the burden is on the department to show that there is special work that he can in fact obtain.

*Kuhnle,* at 198–99. This burden applies only when the claimant is fitted to do nothing but odd jobs or special work. The meaning of the *Kuhnle* rule was clearly stated by the Court of Appeals in its unpublished opinion:

> If the employee or the claimant can do light work of a general nature, then the presumption is that his inability to obtain employment is due to fluctuations in the labor market and is not due to the consequences of the accident. In that circumstance the burden is on the claimant to show there is no work he can obtain.
> If the accident leaves the workman so injured he is fit only for odd jobs or special work not generally available

in the labor market, then the department or the employer must show that this special employment is available. In *Kuhnle* the court reversed, holding there was sufficient evidence in the record to justify submission of the case to the jury and the trial court erred in deciding as a matter of law that the claimant was not permanently and totally disabled. But that court did not decide as a matter of law the workman was totally permanently disabled, which claimant Spring sought in his motion for summary judgment.

In *Fochtman,* the court found that a prima facie case of total disability can be made (1) when the claimant establishes he was able to work prior to the injury but unable to work afterwards due to pain and the injury; (2) when medical experts have testified to the loss of function and limitations in the claimant's ability to work; and (3) when vocational experts have concluded the worker is not employable in the competitive labor market. The *Fochtman* court, while stating "[w]e do not pass on the merits of the case" (*Fochtman,* at 293), found that there was a prima facie case of total disability, that this was a question of fact and that the case should go to the jury.

*Fochtman* refused to adopt a rule which would require a medical rating of the disability in order to establish permanent total disability. Rather, it stated the rule to be that the medical rating of the disability considered with the opinion of the vocational consultant, may establish permanent total disability. The *Fochtman* court carefully considered the characteristics of total disability and permanent total disability:

It is a hybrid quasi–medical concept in which there are intermingled in various combinations, the medical *fact* of loss of function and disability, together with the inability to perform and the inability to obtain work as a result of his industrial injury. A workman may be found to be totally disabled, in spite of sporadic earnings, if his physical disability, caused by the injury, is such as to disqualify him from regular employment in the labor market. Indeed, if the injury has left the workman so disabled that he is incapable of becoming a workman of

acceptable capacity in any well–known branch of the labor market—if his capacity to work is no longer a merchantable article in the labor market—it is incumbent upon the department to show that such special employment can, in fact, be obtained by him. *Kuhnle v. Department of Labor & Indus., supra*; 2 A. Larson, The Law of Workmen's Compensation §§ 57 and 57.71 (1971).

Proof of permanent total disability is more individualized than proof of permanent partial disability. The testimony necessarily requires a study of the whole man as an individual—his weakness and strengths, his age, education, training and experience, his reaction to his injury, his loss of function and other relevant factors that build toward the ultimate conclusion of whether he is, as a result of his injury, disqualified from employment generally available in the labor market. In the ultimate determination of whether the injured workman can maintain gainful employment in the labor market with reasonable continuity we find the testimony of a vocational or employment expert both relevant and admissible.

*Fochtman,* at 294–95.

In both *Kuhnle* and *Fochtman,* in contrast to this case, the trial courts had not decided the cases on the merits. Here it is plainly stated by the court both in its findings of fact and in its order of dismissal that the case was decided on the merits. Neither *Kuhnle* nor *Fochtman* require that the mere conclusion of a vocational expert as to the total disability of the claimant requires the finding of permanent total disability as a matter of law. The trier of fact has the right to select those witnesses believed to be more credible and is not bound by the conclusion of the vocational expert. That is exactly what occurred in this case.

The correct analysis and disposition of this case was made by the Court of Appeals whose conclusions I quote:

In this case, the court made the following finding of fact No. 5:

Plaintiff has not established a total inability to perform any type of light or sedentary work, and he could physically perform such gainful employment on a reasonably continuous basis on August 5, 1976.

The court also reached conclusion of law No. 2:

Plaintiff has failed to made [*sic*] a prima facie case because of failure to establish total inability to perform any type of light or sedentary work.

Claimant complains of finding of fact No. 6, made by the trial court:

The only expert testimony purporting to show total disability from all employment incorporates conclusions regarding plaintiff's ability to obtain work.

The court then states in conclusion of law No. 4:

Plaintiff's expert testimony is legally insufficient to establish total and permanent disability because it relies in part upon plaintiff's ability to obtain gainful employment.

Claimant then argues that under the odd–lot doctrine the burden is upon the defendant, not the claimant, to show the availability of work for the claimant. The trial court in this instance made a conclusion of law No. 3:

The defendant did not, on the basis of this record, have any burden of showing the availability of light or sedentary work to the plaintiff.

It appears the court decided this matter on the merits and found the claimant's labor capability was such that he could perform light or sedentary work, thus believing the testimony of the three medical doctors to that effect. Therefore, conclusion of law No. 3 is correct that the burden is upon the claimant to show nonavailability of light or sedentary work and not on the defendant to do so.

Conclusion of law No. 4 appears to us to be possibly erroneous if it is to be interpreted that the plaintiff's expert testimony, along with the medical doctors' testimony, is legally insufficient in every case to establish total permanent disability. It is incorrect if applied to an odd–lot situation, but not incorrect if applied to the situation where the claimant is able to do light and sedentary work on a reasonably continuous basis. Construed with conclusion of law No. 2, No. 4 is not reversible error.

The court's finding that plaintiff has not established a total inability to perform any type of light or sedentary work and that he could physically perform such gainful employment on a reasonably continuous basis on August 5, 1976, forms the basis for a conclusion that plaintiff does not come within the odd–lot doctrine and thus has the burden of showing such employment was not avail-

able. It is only after a worker has established his odd–lot status that the department or the employer must come forward with a job opportunity.

In view of the state of the record presented to us on appeal, we must conclude the trial court reached a permissible conclusion in a trial on the merits and probably reached the same conclusion erroneously on the defendant's motion for summary judgment.

*Spring v. Department of Labor & Indus.,* Court of Appeals unpublished opinion.

I agree with the Court of Appeals and dissent.

BRACHTENBACH, C.J., and STAFFORD, J., concur with DOLLIVER, J.

UTTER, J. (concurring in the dissent)—I concur with Justice Dolliver's dissent. However, since the case focuses on whether the trial court decision was decided on the merits or on motion for summary judgment, attention has been diverted from the appropriate legal standard for burden of proof in a disability hearing. It appears to me both the majority and dissent agree on that standard. As the majority states, the plaintiff must initially prove by preponderance of the evidence that "he is incapable of performing light or sedentary work of a *general* nature." Majority opinion, at 919. If the plaintiff carries that burden successfully, the burden then shifts to the State to prove "that there is special work that he can in fact obtain." Majority opinion, at 919, quoting from *Kuhnle v. Department of Labor & Indus.,* 12 Wn.2d 191, 198–99, 120 P.2d 1003 (1942).

Since no more rigorous burden on the plaintiff is espoused by anyone, we must respect the trial court's statement that its ruling was on the merits. Spring was unable to meet the threshold burden of showing "he is incapable of performing light or sedentary work of a *general* nature." The trial court's ruling on the merits is supported by substantial evidence and for this reason I believe

the dissent is correct.

Reconsideration denied March 23, 1982.