[No. 13083-5-III.    Division Three.    June 14, 1994.]

RONALD OIEN, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Defendant*, IBP, INC., *Appellant*.

*Wayne L. Williams* and *Rolland, O'Malley, Williams & Wyckoff, P.S.,* for appellant.

*James T. Solan* and *Solan, Doran, Milhem & Hertel, P.S.,* for respondent.

MUNSON, J. — IBP, Inc., appeals the judgment of the trial court ordering it to pay temporary total disability to Ronald

Oien for the period June 29, 1985, through November 2, 1987. We reverse.

On October 22, 1977, Mr. Oien injured his left elbow, middle and lower back when he slipped on grease and fell down two flights of stairs while working for IBP. He filed a claim with the Department of Labor and Industries and was treated. In November 1977, he was released to return to work and his claim was closed.

In June 1981, Mr. Oien applied to reopen his claim, and the claim was eventually reopened. He sought chiropractic treatment for his back as well as medical treatments through T.D. Lahiri, M.D., a neurologist. Mr. Oien's claim was finally ordered closed January 23, 1990, when he was awarded benefits for a permanent partial disability. He appealed the Department's order to the Board of Industrial Insurance Appeals (the Board). The appeal concerned a gap in the payment of time-loss benefits from June 29, 1985, though November 2, 1987. The Board heard testimony of two doctors who had examined Mr. Oien. Dr. Lahiri testified in support of Mr. Oien. H.G. Copsey, M.D., testified in support of IBP. On May 28, 1991, the Board issued its order denying the appeal. Mr. Oien appealed the Board's order to the Benton County Superior Court. Pursuant to RCW 51.52.115, superior court review is limited to the evidence and testimony presented to the Board. The court, after a trial to the bench, found Mr. Oien's preexisting condition was aggravated by the industrial injury and reversed the Board's order. IBP now appeals to this court.

IBP has assigned error to several of the trial court's findings of fact and conclusions of law. However, the determinative question is whether there is objective evidence to support the medical finding Mr. Oien was precluded from engaging in gainful employment as a result of the accident.

■ This court's review of an appeal under the Industrial Insurance Act, RCW Title 51, is limited to whether the trial court's findings of fact are supported by the evidence and whether its conclusions of law flow therefrom. RCW 51.52.140; *Lloyd's of Yakima Floor Ctr. v. Department of Labor &*

*Indus.*, 33 Wn. App. 745, 748, 662 P.2d 391 (1982). All such inquiries begin with the premise the Industrial Insurance Act is to be liberally construed in favor of the injured worker. RCW 51.12.010.

■  Temporary total disability is defined as a "condition temporarily incapacitating the workman from performing any work at any gainful occupation." *Bonko v. Department of Labor & Indus.*, 2 Wn. App. 22, 25, 466 P.2d 526 (1970) (quoting former RCW 51.08.160).

■  If an industrial injury "lights up" or aggravates a latent preexisting condition, the resulting disability is attributed to the injury, not to the preexisting condition. *Harbor Plywood Corp. v. Department of Labor & Indus.*, 48 Wn.2d 553, 295 P.2d 310 (1956); *Wendt v. Department of Labor & Indus.*, 18 Wn. App. 674, 676, 571 P.2d 229 (1977).

Medical testimony as to the extent of a worker's disability must be supported by at least one objective finding. *Wendt.* In aggravation cases, there must be some objective finding that the increased disability was caused by the industrial injury. *See Parks v. Department of Labor & Indus.*, 46 Wn.2d 895, 898, 286 P.2d 104 (1955).

We are unable to find any testimony by Dr. Lahiri stating there were objective findings the industrial injury *caused* the aggravation. The only objective findings appear to relate to the existence of Mr. Oien's preexisting condition. Dr. Lahiri was questioned on cross examination regarding the nature of the findings:

Q:  And the range of motion tests or back gymnastics you've described are subjective tests?

A: Yes.

Q: And the straight-leg-raising is a subjective test?

A: Yes.

Q:  The congenital kyphosis of the dorsal area pre-existed the industrial injury?

A: Yes.

Q:  The spina bifida at the L-5 level pre-existed the industrial injury?

A: Yes.

. . . .

Q: Upon an objective medical anatomical basis, other than the preexisting congenital conditions, what is Mr. Oien's problem?

A: His problem is a chronic low back strain.

Q: That's based on his subjective findings of pain, correct?

A: There's also the findings on examination.

Q: The subjective findings?

A: Yes.

And later on recross examination, the doctor was asked:

Q: Doctor, the limitations you have imposed on Mr. Oien in terms of his work are based on his subjective complaints, correct?

A: And the findings as well.

Q: Which are also subjective?

A: Yes.

Q: And the connection, if any, between the industrial injury and his congenital condition is based on his subjective complaints?

A: Yes.

In questioning by the industrial appeals judge, the doctor responded:

Q: What specifically are, if you would repeat for me again, the objective medical findings which would substantiate limitations imposed on this gentleman?

A: The objective findings would be the radiological changes in the spine as well as the — that is, the spina bifida; the kyphosis and the swayback; and pars interarticularis defect, and the — supported by the subjective complaints of the patient, which seem to corroborate.

On recross examination, Dr. Lahiri was then asked:

Q: Doctor, the radiologic changes you described, are those the congenital defects we discussed?

A: Yes.

Q: Those changes existed prior to the industrial injury?

A: Yes.

There is no evidence to support the trial court's finding of fact that there was objective medical evidence the injury caused Mr. Oien's symptoms. Consequently, the court's conclusions of law are without support and must be reversed.

IBP also argues the trial court's award of attorney fees to Mr. Oien was in error.

RCW 51.52.130 controls the award of attorney fees in Industrial Insurance Act appeals. Under that section, workers who successfully obtain a reversal or modification of a Department decision may be awarded attorney fees. Because we reverse the trial court's decision in favor of Mr. Oien, the award of attorney fees must be reversed as well.

IBP argues it should be awarded attorney fees for appeal under RAP 18.1. Prior to 1993, RCW 51.52.130 applied to appeals to superior court, not to appellate court. *See Flanigan v. Department of Labor & Indus.*, 123 Wn.2d 418, 869 P.2d 14 (1994). Although IBP may have prevailed on appeal, RCW 51.52.130 precludes such an award. RCW 51.52.130 provides for recovery of attorney fees by successful workers, stating in part: "attorney fees . . . fees of medical and other witnesses . . . shall be payable directly by the self-insured employer." *See also Seattle Sch. Dist. 1 v. Department of Labor & Indus.*, 116 Wn.2d 352, 361-64, 804 P.2d 621 (1991).

Reversed.

THOMPSON, C.J., and SCHULTHEIS, J., concur.

Review denied at 125 Wn. 2d 1021 (1995).