[No. 13038-0-III. Division Three. June 23, 1994.]

JOE W. HERR, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

*Wade E. Gano* and *Thorner, Kennedy & Gano, P.S.,* for appellant.

*Christine O. Gregoire, Attorney General,* and *A. Craig McDonald, Assistant,* for respondent.

SCHULTHEIS, J. — The trial court determined that Joe W. Herr failed to raise sufficient facts in this Department of Labor and Industries appeal to submit the case to a jury and dismissed the action. Mr. Herr contends: (1) the trial court erroneously applied an overly stringent standard in defining disability; and (2) the evidence was adequate to frame a jury question. We affirm.

Mr. Herr worked as a machinist for 22 years. In 1985 he began experiencing skin lesions and was diagnosed with eczematous dermatitis primarily affecting his hands and

feet. His physician attributed the condition to exposure to oils and solvents commonly used in the machinist trade. In 1988 his employer instituted an early retirement program and Mr. Herr indicated his willingness to participate.[1] He left employment in March of 1989 and filed a compensation claim. On July 18, 1990, the Department denied total temporary disability benefits for a closed period. The order was affirmed by the Board of Industrial Insurance Appeals. Judicial review followed and on January 29, 1993, the trial court dismissed the action after determining Mr. Herr presented insufficient evidence to frame a jury question.

The Department concedes Mr. Herr contracted an occupational disease which arose naturally and proximately from his employment, and also concedes he cannot return to work as a machinist. The remaining question is whether he is precluded from "performing any work at any gainful occupation" as a result of his skin condition. RCW 51.08.160. Mr. Herr relies on former RCW 51.32.090(4) for the premise that 1975 amendments to the statute abrogated prior case law and urges the proper test is whether a worker can perform his customary duties. The subsection as it existed during the relevant timeframe provided:

> Whenever an employer requests that a worker who is entitled to temporary total disability under this chapter be certified by a physician as able to perform available work other than his or her usual work, the employer shall furnish to the physician, with a copy to the worker, a statement describing the available work in terms that will enable the physician to relate the physical activities of the job to the worker's disability. The physician shall then determine whether the worker is physically able to perform the work described. If the worker is released by his or her physician for said work, and the work thereafter comes to an end before the worker's recovery is sufficient in the judgment of his or her physician to permit him or her to return to his or her usual job, or to perform other

---

[1] Mr. Herr's early retirement was at one time an issue in the case. The Department argued before the Board of Industrial Insurance Appeals that a claimant cannot be retired and still remain eligible for disability benefits. *Kaiser Aluminum & Chem. Corp. v. Overdorff*, 57 Wn. App. 291, 293-96, 788 P.2d 8 (1990). The Board held Mr. Herr retained ties with the work force sufficient to defeat this contention.

available work, the worker's temporary total disability payments shall be resumed.

Former RCW 51.32.090(4).

 Mr. Herr's argument was addressed and rejected in *Hunter v. Bethel Sch. Dist.*, 71 Wn. App. 501, 859 P.2d 652 (1993), *review denied*, 123 Wn.2d 1031 (1994). Former subsection (4) allows an employer certain options in creating special positions. *Hunter*, at 509. The employee does not thereby become disabled if subsection (4) is invoked. On the contrary, it may be invoked by the employer only if the worker is first entitled to temporary total disability. *Hunter*, at 509.

Mr. Herr cites *Lightle v. Department of Labor & Indus.*, 68 Wn.2d 507, 510, 413 P.2d 814 (1966) for the proposition that:

> Time loss compensation resulting from a compensable injury is that temporary compensation which a workman is entitled to receive from the fund while totally incapacitated to perform work *for his employer*, and before his disability condition has been fixed or determined.

(Italics ours.)

We declined to read *Lightle* in the manner urged by Mr. Herr in *Bonko v. Department of Labor & Indus.*, 2 Wn. App. 22, 26-27, 466 P.2d 526 (1970). *Lightle* addressed the temporal availability of compensation in the context of the facts before it and did not establish a new standard for entitlement. The standard for entitlement was not at issue thus rendering the quoted passage dicta. *Hunter*, 71 Wn. App. at 507-08. The rule remains that the only difference between permanent total disability and temporary total disability is duration:

> [T]emporary total disability and permanent total disability differ only in the duration of the disability, and not in its character. RCW 51.32.090 does not change the definition of total disability; temporary total disability would, therefore, be a condition temporarily incapacitating the workman from performing any work at any gainful occupation.

*Bonko*, at 25; *Hunter*, at 508; *Weyerhaeuser Co. v. Farr*, 70 Wn. App. 759, 764, 855 P.2d 711 (1993), *review denied*, 123 Wn.2d 1017 (1994).

■ Turning to whether Mr. Herr presented a prima facie case of disability, his factual contentions are taken as true given the procedural posture of this matter. *Spring v. Department of Labor & Indus.*, 96 Wn.2d 914, 918, 640 P.2d 1 (1982). Mr. Herr staked his case on the premise that disability is established by demonstrating an inability to return to the same employment previously held. No serious effort was made to establish he could not engage in any gainful activity.

■ Mr. Herr testified he spent the preceding 22 years as a machinist. He previously worked as a grain farmer for 6 years and was a journeyman meatcutter. He considered reentering the butchery trade but could not obtain a health card because of the skin lesions. He apparently looked for no other work because of his age of 56 and limited range of employment skills. Mr. Herr made no attempt to explain why he was physically unable to perform or obtain work of a general nature which did not involve the use of solvents and it was his burden to do so. *Graham v. Weyerhaeuser Co.*, 71 Wn. App. 55, 62-63, 856 P.2d 717 (1993), *overruled on other grounds by Leeper v. Department of Labor & Indus.*, 123 Wn.2d 803, 872 P.2d 507 (1994).

An ability to perform light or sedentary work of a general nature precludes a finding of total disability. *Spring*, 96 Wn.2d at 919. Taking the facts in the light most favorable to Mr. Herr, there is no reason to believe he suffers any mental or physical deficit which would preclude him from engaging in the vast range of light and sedentary work, or even heavy work for that matter. Nor does the "odd lot" rule obtain. This doctrine provides that once a claimant establishes a prima facie case he cannot perform light or sedentary work of a general nature, the burden shifts to the Department to prove some specialty work which the claimant can both perform and obtain exists in the job market. *Spring*, at 919. Mr. Herr does not satisfy the threshold test.

A finding of disability would be tantamount to concluding that the inability to return to a customary trade equals disa-

bility. No reasonable finder of fact could have found for Mr. Herr on the evidence presented.

Affirmed.

THOMPSON, C.J., and MUNSON, J., concur.