713 P.2d 7

**Frederick DODRILL, Plaintiff-Appellee,**

v.

**ALBUQUERQUE UTILITIES CORPORATION, Amrep Southwest, Inc., and New Hampshire Insurance Company, Defendants-Appellants.**

**No. 8290.**

Court of Appeals of New Mexico.

Dec. 17, 1985.

Charles A. Pharris, Rebecca A. Houston, Keleher & McLeod, P.A., Albuquerque, for defendants-appellants.

Matthew P. Holt, Howard R. Thomas, Deborah Rupp Goncalves, Sager, Curran, Sturges & Tepper, P.C., Albuquerque, for plaintiff-appellee.

OPINION

WOOD, Judge.

The trial court awarded plaintiff worker's compensation benefits for total disability. We agree with defendants that this was error. Plaintiff's claim, that an "odd-lot" doctrine should be applied, is premature.

Plaintiff received a compensable injury on May 11, 1983. Compensation was paid until August 1, 1983, the date he returned to work for the employer. He was still working for the employer on October 31, 1984, the date of trial.

The work plaintiff has been performing subsequent to the accident differs from the work performed prior to the accident in that plaintiff no longer does the "heavy" work. The parties dispute the percentage of heavy work performed by plaintiff prior to the accident, but the dispute as to the percentage does not matter in this appeal. According to plaintiff, at least fifty percent of pre-accident duties have been eliminated. This is a concession that plaintiff, post-accident, is performing almost fifty percent of his pre-accident duties. Further, plaintiff has performed his work satisfactorily since his return to work on August 1, 1983, a period of fifteen months, when the case was tried.

■ For total disability, the worker must be wholly unable to perform the work being performed at the time of injury and wholly unable to perform any work for which he is fitted. NMSA 1978, § 52–1–24; *Salcido v. Transamerica Insurance Group*, 102 N.M. 217, 693 P.2d 583 (1985). The uncontradicted evidence shows there was no total disability. *Clymo v. United Nuclear Corp.*, 94 N.M. 214, 608 P.2d 526 (Ct.App.1980).

Plaintiff defends the total disability award on the basis of the "odd-lot" doctrine discussed in 2 A. Larson, *The Law of Workmen's Compensation*, Section 57.51 (1983). Under this doctrine, a worker may be found to be totally disabled where, while he is not altogether incapacitated for work, he is so handicapped that he is not subject to regular employment in any well-recognized branch of the labor market. *See Spring v. Department of Labor & Industries*, 96 Wash.2d 914, 640 P.2d 1 (1982); *Cardin v. Morrison-Knudsen*, 603 P.2d 862 (Wyo.1979). This doctrine is concerned

with irregular and unpredictable employment because of injury and the worker's ability to command regular income as the result of personal labor. Plaintiff refers us to findings: (a) that the employer created plaintiff's current job for him out of sympathy and generosity; (b) that it would be dangerous to plaintiff's health to even attempt to obtain employment elsewhere; and (c) that from medical and vocational standpoints, plaintiff should not work or attempt to work at any job other than his present job.

The findings on which plaintiff relies raise an issue as to the factual and legal basis for an "odd-lot" doctrine in New Mexico, including the issue of whether such a doctrine is necessary or relevant under New Mexico's definition of disability. *See Salcido; Anaya v. New Mexico Steel Erectors, Inc.*, 94 N.M. 370, 610 P.2d 1199 (1980). *See also Aranda v. Mississippi Chemical Corp.*, 93 N.M. 412, 600 P.2d 1202 (Ct.App.1979), which is cited with approval in *Salcido* and *Anaya*. As to the relation of a *Larson* rule to New Mexico law, see *Beckham v. Estate of Brown*, 100 N.M. 1, 664 P.2d 1014 (Ct.App.1983); *Gonzales v. Stanke-Brown & Associates, Inc.*, 98 N.M. 379, 648 P.2d 1192 (Ct.App.1982).

■ The existence or extent of any "odd-lot" rule is premature. Plaintiff is working; there is no suggestion that his work is unsatisfactory, that his job will be eliminated or that his pay is a matter of employer charity. If, as a fact, the employer has tailored a job to plaintiff's physical limitation, such is consistent with the admonition in *Aranda*, that the employer should make a reasonable effort to help the employee obtain a comparable or similar job.

The "odd-lot" doctrine cannot be utilized to sustain plaintiff's total disability award because plaintiff's employment and duties, under the trial court's findings, are work he can perform in view of his circumstances and capabilities. That is work for which he is fitted. The performance of this work

bars an award of total disability. *Anaya; Clymo; Aranda.*

Should circumstances change, plaintiff may seek a remedy on the basis of the changed circumstances. NMSA 1978, § 52–1–56; *Clymo.*

The award of total disability benefits is reversed. The attorney fee award, which is based on the total disability award, is also reversed. The cause is remanded for further proceedings on the question of partial disability, if any, and attorney fees in connection with the trial court proceedings.

No attorney fees are awarded in connection with this appeal.

IT IS SO ORDERED.

DONNELLY, C.J., and MINZNER, J., concur.