This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RUTH MARIE BARRAZA,**

Worker-Appellant,

v.                                                                                    **NO. 32,480**

**ALBUQUERQUE HEIGHTS HEALTHCARE AND REHABILITATION CENTER, and THE PHOENIX INSURANCE COMPANY / THE TRAVELERS INSURANCE COMANY,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**David L. Skinner, Workers' Compensation Judge**

Law Office of Mel B. O'Reilly, LLC
Mel B. O'Reilly
Albuquerque, NM

for Appellant

Hale & Dixon, P.C.
Timothy Hale
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**VANZI, Judge.**

Ruth Marie Barraza (Worker) appeals from the Workers' Compensation Administration's order. This Court's first notice of proposed disposition proposed to affirm the Workers' Compensation Judge's (WCJ) order based on our review of the whole record on appeal. *See Nat'l Council on Comp. Ins. v. N.M. State Corp. Comm'n*, 107 N.M. 278, 282, 756 P.2d 558, 562 (1988) ("Under whole record review, the court views the evidence in the light most favorable to the agency decision, but may not view favorable evidence with total disregard to contravening evidence." (citations omitted)). Worker filed a memorandum in opposition to the proposed disposition. As to Worker's failure to identify in the docketing statement the specific findings of fact for which Worker asserts there was no substantial evidence, we disagree with Worker's response. *State ex rel. State Highway & Transp. Dep't v. City of Sunland Park*, 2000-NMCA-044, ¶ 15, 129 N.M. 151, 3 P.3d 128 (noting that the docketing statement takes the place of full briefing when a case is decided on the Court's summary calendar); *Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984) (stating that counsel must set out all relevant facts in the docketing statement, including those facts supporting the district court's decision). In addition, we are not persuaded by Worker's other arguments and affirm the WCJ's compensation order.

Worker continues to argue that the WCJ's determination of when she reached maximum medical improvement (MMI) for the left eyebrow laceration and right knee

injury was erroneous. [MIO 2] "[I]t is possible for a WCJ to determine when and if a worker has reached MMI due to a mental impairment and also for an appellate court to review that determination." *Breen v. Carlsbad Mun. Sch.*, 2005-NMSC-028, ¶ 45, 138 N.M. 331, 120 P.3d 413. Under the statute, MMI is "the date after which further recovery from or lasting improvement to an injury can no longer be reasonably anticipated based upon reasonable medical probability as determined by . . . health care provider[s]." NMSA 1978, § 52-1-24.1 (1990). The WCJ determined that Worker reached MMI on June 26, 2009, on or about the last date of her treatment with Concentra. [RP 476, FOF 195] At the time of Worker's last documented medical treatment, Worker had essentially the same diagnosis and symptoms that were present on June 26, 2009. *See Tallman v. AFB (Arkansas Best Freight)*, 108 N.M. 124, 128, 767 P.2d 363, 367 (1988) ("We analyze and examine all the evidence and disregard that which has little or no worth."). [RP 466, FOF 64; RP 471, FOF141]

The WCJ was justified in discounting Dr. Knaus' determination as to the date of MMI and finding that the limited injuries Worker originally complained of following this accident were resolved, [RP 476, FOF 195] and any continuing medical conditions Worker was experiencing were due to pre-accident, as well as post-accident, injuries that were not exacerbated by these limited injuries. [RP 474, FOF 176; RP 477, COL 5] The medical records in the record as a whole support the WCJ's determination. [RP 103-04, 108-116, 143-206] To the extent Worker suggests that

3

this Court rely on the contradicting evidence, employing whole-record review does not allow a reviewing court to make its own credibility determinations or reweigh the evidence. *See Sanchez v. Molycorp, Inc.*, 103 N.M. 148, 153, 703 P.2d 925, 930 (Ct. App. 1985) ("[I]t is a matter for the trier of fact to weight the evidence, determine the credibility of witnesses, reconcile inconsistent statements, and decide the true facts."). Based on the whole record, we conclude that a reasonable mind could find that Worker reached MMI on June 26, 2009, and that there is substantial evidence demonstrating the reasonableness of the WCJ's decision. *See Barela v. ABF Freight Sys.*, 116 N.M. 574, 579, 865 P.2d 1218, 1223 (Ct. App. 1993) ("When reviewing for sufficiency of the evidence from a workers' compensation order, the court reviews the record as a whole in order to be satisfied that the evidence demonstrates the decision is reasonable.").

Worker relies on Dr. Knaus' determination that she did not reach MMI until February 24, 2011, for her work-related injuries and was therefore entitled to temporary total disability benefits (TTD). [MIO 2] Specifically, Worker argues that the undisputed evidence is that she was out of work for more than seven days and is entitled to TTD benefits because she did not reach MMI until February 24, 2011. [MIO 2] However, we have determined above that there was sufficient evidence in the whole record to support the WCJ's determination that Worker reached MMI on June 26, 2009. The WCJ was responsible for resolving any conflicts in the medical

4

evidence as to the date of MMI. *See Sanchez*, 103 N.M. at 152, 703 P.2d at 929; *see also Santa Fe Pac. Gold Corp. v. United Nuclear Corp.*, 2007-NMCA-133, ¶ 33, 143 N.M. 215, 175 P.3d 309 ("The trial court is in a better position than is an appellate court] to judge the credibility of witnesses and resolve questions of fact." (alterations, internal quotation marks, and citaiton omitted). The WCJ is not bound to accept the testimony of one medical expert over that of another in the case. *See Sanchez*, 103 N.M. at 152, 703 P.2d at 929; *cf. Peterson v. N. Home Care*, 1996-NMCA-030, ¶ 10, 121 N.M. 439, 912 P.2d 831 (affirming the WCJ's conclusion that the uncontradicted testimony as to impairment rating was found to be unworthy of belief and that the WCJ was justified in finding no impairment). Therefore, we affirm the WCJ's order as to TTD benefits.

For these reasons, and those stated in the first notice of proposed disposition, we conclude that there was sufficient evidence in the whole record to support the WCJ's determination, and affirm the compensation order.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**


_____
**JAMES J. WECHSLER, Judge**